Argued and submitted April 4, reversed and remanded November 5, 1997

## STATE OF OREGON,
*Appellant,*

*v.*

## BILLY LOREN WHITMIRE,
*Respondent.*

(95102487; CA A93433)

947 P2d 1133

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Judith Brant, Assistant Attorney General.

Kent Hickam argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Haselton and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

The state appeals from the trial court's dismissal with prejudice an indictment charging defendant with being a felon in possession of a firearm. We conclude that the trial court abused its discretion by ordering dismissal with prejudice, and, accordingly, we reverse.

The relevant facts are undisputed. The grand jury indicted defendant for being a felon in possession of a firearm. ORS 166.270. On the day of the trial, before the jury was empaneled, defendant stated that he had not seen the documentary evidence that the state planned to use to establish that he had been convicted of a felony. The state replied that it intended to offer a certified copy of an order that had sentenced defendant to 15 years' imprisonment for the offense of attempted murder. The order had been certified by the records custodian of the Oregon Corrections Division as being a true copy of the original, which was kept in the division's files. Defendant objected, contending that the only admissible evidence of his prior conviction would be a sentencing order or judgment certified by the court in which he had been tried and convicted. The trial court agreed and excluded the sentencing order from evidence.

Defendant then moved to dismiss the charge, claiming that the state could not prove that he was a felon. Defendant asked the court to order that the dismissal be with prejudice, reasoning that he could have waited until jeopardy had attached before objecting to the evidence, which would have prevented the state from further prosecuting him on the charge. In response, the state first asked the court to take judicial notice of defendant's status as a felon and then, after the court had denied that request, asked for a continuance in order to obtain the proper documentation. The court denied the continuance and granted the dismissal with prejudice.

We conclude that the trial court abused its discretion in granting the dismissal with prejudice.[1] Defendant argues that dismissal with prejudice was appropriate because he

---

[1] Because of this conclusion, we need not address the state's other assignments of error.

was forced to raise the issue of the proof of the prior conviction before trial as a result of the state's failure to provide proper discovery. Specifically, he claims that it is only because he had to ask for the documentary evidence of his conviction on the day of trial that he was able to object to its admission and have it excluded before jeopardy had attached. The state argues that it had not anticipated the objection to and ruling on the evidence, but that, with a continuance, it could have corrected the defect by obtaining the proper documents. The trial court did not rule that the state had violated its discovery obligations but agreed with defendant that he had been forced to play a hand that he otherwise would have played after the jury had been empaneled and, for that reason, dismissed the indictment with prejudice.

We disagree with the trial court's reasoning.

"[A] trial court has the authority to dismiss a case [with prejudice] if the district attorney is not prepared to proceed to trial. * * * However, the court's discretion to dismiss with prejudice is not absolute. There must be a substantial reason for barring further prosecution."

*State v. Daniels*, 98 Or App 695, 697, 780 P2d 784 (1989). The trial court did not rule that the state had acted improperly in any way. In fact, nothing suggests that the state was guilty of anything other than a failure to recognize that the order could be subject to a hearsay objection. Without any evidence that the state was on notice of the defect before the day of the trial, and without any indication from defendant that the conviction was not valid, the trial court should have allowed the state enough time to obtain the proper documents. Assuming that the conviction is indeed a matter of public record, that would not have been a difficult or time-consuming thing to do. We conclude, therefore, that the court's refusal to allow the state to do that was an abuse of its discretion.

Reversed and remanded.