Argued January 18, reversed and remanded for entry of an order of dismissal without prejudice February 20, reconsideration denied March 27, Supreme Court review denied May 1, 1979, 286 Or 303

STATE OF OREGON, *Appellant,*

*v.*

ANDREW LOVE, JR., also known as Andrew Bible, *Respondent.*

(No. C 78-06-09045, CA 11966)

590 P2d 741

Mary J. Deits, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

B. David Thomas, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Gary D. Babcock, Public Defender, and J. Marvin Kuhn, Deputy Public Defender, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

The state appeals an order dismissing the indictment. Defendant was indicted on June 9, 1978, for the felonies of rape, kidnapping and assault alleged to have occurred on June 5, 1978. He pleaded not guilty on June 20 and the case was scheduled for trial on July 18. Bail was set at $50,000 and the defendant remained in custody.

Prior to trial, the prosecutor asked to have the case set over because he had been unable to locate the alleged victim. The case was set over until July 28. At that time the prosecutor still had not been able to locate the victim of the crime. The prosecutor indicated that he had attempted to locate the victim in Portland where she was before and in Tacoma. He also had not been able to locate her husband. He further indicated that the victim was "kind of a transient."

Upon defendant's motion, the court dismissed the indictment with prejudice.

The authority of the court to dismiss the indictment in these circumstances is governed by ORS 136.120, which provides:

> "If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

■ Here, the state had been given adequate opportunity to find its essential witness. The district attorney indicated that no one knew where the witness was and there was no indication that the situation would change in the near future. The defendant was in jail and, because the district attorney failed to give any indication that future attempts at locating the witness would be any more successful than past attempts had been, there was no prospect in the foreseeable future

that the defendant could be brought to trial. In these circumstances, it could reasonably be concluded that it would be unfair to continue indefinitely holding defendant to answer. Dismissal was therefore a permissible act of discretion.

■ Next, the state contends that if the dismissal was proper, it was nevertheless error to dismiss with prejudice. The authority to dismiss with prejudice is governed by ORS 136.130, which provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

The discretion granted by this section is not absolute. There must be a reason for an order barring reindictment. As we said in *State v. Williams,* 17 Or App 43, 48, 520 P2d 462 (1974):

"The power to bar prosecution, with all its attendant public consequences, is a drastic one to be exercised only in exceptional circumstances."

Accordingly, the reason, in order to justify dismissal with prejudice, must be substantial. *Cf., State v. Willingham,* 13 Or App 504, 510 P2d 1339 (1973).

■ No such reason appears in this record. The delay occasioned by the state's unpreparedness for trial was neither lengthy nor due to inexcusable neglect. Because of the serious nature of the crimes, the public interest in protection from the defendant, if guilty, is great. The court expressed concern about the defendant's right to a speedy trial, but that concern is premature. His protection is in the statute of limitations and, if again charged, then by the right to a speedy trial. *State v. Williams, supra.* In short, defendant advanced no reason to justify a bar, the court

expressed no such reason and we find none to be apparent from the record. Therefore, there was no discretion to order the dismissal with prejudice and we reverse that portion of the order of dismissal.

Reversed and remanded for entry of an order of dismissal without prejudice.