Argued and submitted November 30, 1990, affirmed April 24, reconsideration denied June 12, petition for review denied July 2, 1991 (311 Or 482)

# STATE OF OREGON,
*Respondent,*

*v.*

# KENNETH MONSEBROTEN,
*Appellant.*

## (87-1130; CA A61663)

809 P2d 1366

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant appeals his conviction for rape in the first degree. ORS 163.375. His first trial ended in a mistrial, but he was convicted in a second trial. He contends that the trial court erred when it denied his motion for a continuance, refused to allow him to use the prior transcribed testimony of a witness who failed to appear at his retrial, failed to order a mistrial because of a comment made by the prosecutor in his closing argument and refused to give defendant's requested jury instruction on the credibility of the victim. We affirm.

Defendant called Davis as a witness at the first trial. The state began its cross-examination this way:

"Q. Mr. Davis, you are a friend of [defendant's]; aren't you?

"A. A friend of both parties.

"Q. Yes. Where did you meet [defendant]?

"A. In Kelso about five years ago.

"Q. Kelso about five years ago?

"A. Kelso-Longview area. I know his kids real well.

"Q. That is not what you told Dalton Derrick on January 6th in the district attorney's office when he interviewed you[,] is it?

"A. I can't remember what I said.

"Q. In the presence of him and Harvey Wallace, you told him you met him in the Walla Walla Prison[,] didn't you?"

Defendant objected and moved for a mistrial. The trial court granted the motion.

In the second trial, defendant subpoenaed Davis to testify. Davis was not in court when the state rested and failed to appear at trial the next morning. At that time, the trial court denied defendant's motion for a continuance and his request to introduce a transcript of Davis' testimony from the first trial.

Defendant argues that the trial court abused its discretion in denying his motion for a continuance to allow defendant to locate and bring Davis into court. A party seeking a continuance in order to produce a witness must demonstrate that the witness can be produced and that the witness's testimony would be material. *State v. Otten,* 234 Or 219, 223,

380 P2d 812 (1963); *State v. Birchard,* 23 Or App 17, 21-22, 540 P2d 1033 (1975). The state argues that, even assuming that Davis' testimony would have been material, defendant failed to establish that he could have been produced. We agree.

Defense counsel stated that Davis had told him that he was not in court, as required by the subpoena, because "it simply slipped his mind" and that counsel had made substantial efforts to try to get Davis to court the next day. However, he was unsuccessful and, when questioned by the court, acknowledged that he did not, at that time, know why Davis had failed to appear. Under the circumstances, the trial court did not abuse its discretion in denying the motion for a continuance. *State v. Otten, supra; State v. Birchard, supra.*

■ The trial court also denied defendant's request to introduce Davis' transcribed testimony from the first trial, because the state was not allowed to complete its cross-examination of him. Defendant argues that the state was given an opportunity to cross-examine Davis that was sufficient to meet the requirements of OEC 804(3)(a). In the alternative, he argues that,

"[b]ecause the inadequate cross-examination of the witness was a result of misconduct by the prosecutor, resulting in a mistrial, the prosecutor should be barred from interposing an objection on the grounds that he did not have a complete opportunity to cross-examine that witness."

OEC 804(3)(a) provides a hearsay exception for the former testimony of a witness who is unavailable "if the party against whom the testimony is now offered * * * had an opportunity * * * to develop the testimony by direct, cross, or redirect examination." Former testimony may be admissible under OEC 804(3)(a), if the party against whom the former testimony is offered had an opportunity to cross-examine the witness *effectively. See State v. Howard,* 49 Or App 391, 396-97, 619 P2d 943 (1980). Here, the trial court's mistrial order precluded the state from effectively developing Davis' testimony on cross-examination.

Defendant does not cite, and we have not found any authority, to support his argument that, as a result of the prosecutor's conduct in the first trial, the state should be barred from objecting to the admissibility of Davis' prior testimony. He essentially argues that the state should not benefit

from its misconduct and that fairness requires the state to accept the result of its aborted cross-examination of Davis.

Fairness is one of the key concepts underlying the exception for former testimony.[1] Analyzed as a question of fairness, it would not be unfair to require the state to accept its limited cross-examination of Davis if, at the first trial, the prosecutor had intentionally asked an improper question with the intent of causing a mistrial. It would, however, be unfair to require the state to accept the result of the limited cross-examination if the prosecutor did not intend to ask an improper question, or at least did not know that the question was improper, because it could not then be said that the state knowingly "waived" its opportunity to cross-examine the witness.

In a hearing on defendant's motion for a new trial, the trial court stated that it "granted the motion for mistrial [in the first trial] because [it] thought that [the prosecutor asked] an unfair question even though [the prosecutor] was attempting to impeach the witness at that particular time *with what he felt was a proper question.*" (Emphasis supplied.) In the absence of any other evidence in the record regarding the prosecutor's state of mind, we cannot conclude that the prosecutor knew that his examination of the witness was improper or that he intended to cause a mistrial. In addition, the trial court determined that the state was not intentionally trying to take advantage of the mistrial, because it had no way of anticipating that the witness would be unavailable at retrial. We, therefore, hold that the trial court did not err in denying defendant's request to introduce Davis' former testimony.

Defendant argues that the trial court erred in overruling his objection and in failing to grant a motion for mistrial *sua sponte* on "the prosecutor's closing argument comment

---

[1] Under the exception for former testimony,

"the important question is whether it is fair to impose the handling of the witness on an earlier occasion on the party against whom the testimony is now offered. (1) If the party against whom [it is] now offered is the one against whom the testimony was offered previously, it is generally not unfair to require the party to accept the result of the party's cross-examination or failure to cross-examine." Conference Committee Commentary to Oregon Evidence Code Rule 804(3)(a) (1981).

regarding defendant's failure to present evidence." Defendant's only argument on appeal is that the prosecutor's comment misled the jury into the false impression that defendant had the burden to prove his innocence.[2]

██ Near the end of his rebuttal argument, the prosecutor stated, "We proved what happened, and there has been no evidence to the contrary." Defendant objected to that statement; however, he did not move for a mistrial. Even if defendant properly preserved the alleged error, the trial court has discretion in its control of counsels' arguments and the determination of the need to declare a mistrial. Whether that discretion has been properly exercised "depends on the likelihood that the jury would draw a prejudicial inference from the comment." *State v. Madison,* 93 Or App 182, 187, 760 P2d 1384 (1988); *see also State v. Lundbom,* 96 Or App 458, 461, 773 P2d 11, *rev den* 308 Or 382 (1989).

█ In defendant's closing argument, his counsel offered a number of speculations about the victim's testimony that were not supported by evidence. The state explained the lack of evidence to support those speculations throughout its rebuttal argument. The prosecutor's comment did not imply that defendant had the burden to prove anything, only that the state had met its burden of proof and that there was no contradictory evidence. The prosecutor also concluded his argument by stating that the jury had to find beyond a reasonable doubt that defendant was guilty. Taken in context, the jury was not likely to draw any prejudicial inference from the prosecutor's comment.

█ Finally, defendant assigns error to the trial court's refusal to give his requested instruction regarding the victim's credibility. Defendant's requested instruction repeated the language in *State v. Lantz,* 44 Or App 695, 703, 607 P2d 197, *rev den* 289 Or 275 (1980):

> "Crimes of this nature [sodomy and rape] rarely involve witnesses to the event other than the victim and the defendant. The victim's testimony is usually an important part of the state's case and credibility then becomes a primary issue.

---

[2] Defendant does not argue on appeal that the comment referred to his decision not to testify and thus violated his privilege against self-incrimination. Therefore, we do not address that issue.

It is important for the defendant to seek to erode the victim's credibility in his defense. If the victim promptly reports the incident, it lends credibility to the victim's testimony regarding the sexual assault. On the other hand, failure to promptly report the event militates against credibility. The explanation for not promptly reporting the crime is an important ingredient of the credibility determination."

That language was part of our reasoning in *Lantz* that evidence of the victim's previous sexual conduct, under the circumstances of that case, was relevant and admissible. 44 Or App at 704. It establishes nothing more. The victim here failed to report the rape until the day after it had occurred. Defendant's requested instruction would, among other things, constitute an improper comment on that fact. *See State v. Bashaw,* 296 Or 50, 52, 672 P2d 48 (1983). The trial court correctly refused to give defendant's requested instruction.

Affirmed.