Argued and submitted January 29, resubmitted In Banc May 5, affirmed
June 23, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## MITCHELL MARLIN BURNS,
*Appellant.*

(90CR-0586; CA A72933)

854 P2d 961

David C. Degner, Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was Sally L.
Avera, Public Defender, Salem.

J. Dean Taylor, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief were
Charles S. Crookham, Attorney General, and Virginia L.
Linder, Solicitor General, Salem.

De MUNIZ, J.

## De MUNIZ, J.

Defendant was convicted on two counts of attempted rape in the third degree. ORS 163.355. In his single assignment of error, he contends that the trial court erred by denying his motion for a continuance. We review for abuse of discretion, *State v. Higley*, 99 Or App 298, 301, 781 P2d 1245 (1989), and affirm.

Defendant was indicted in December, 1990, and the court appointed counsel for him. Defendant's trial was originally scheduled for January 31, 1991, but that date was reset to May 2. On April 30, the trial date was rescheduled for June 27. The reasons for those continuances do not appear in the record.

Defendant's attorney withdrew from the case some time in May, 1991, and the court appointed a new attorney for him on May 23. Late in the afternoon, on the day before trial, defendant filed a motion requesting another continuance. His new attorney submitted an affidavit in support of that motion. According to the affidavit, the file provided by defendant's former attorney did not contain defendant's current address. Consequently, the new attorney had been unable to locate defendant. Defendant contacted his lawyer on June 20 or 21 and met with him for the first time on June 24, three days before the trial.

The affidavit focuses on the fact that the attorney did not meet his client until three days before the trial and asserts that he therefore did not have adequate time to prepare for the trial. Although the attorney may not have been in contact with defendant, nothing in the record indicates that he could not have engaged in discovery and pre-trial preparation during the month before the trial was scheduled to occur. He offered no explanation why he had not advised the court, during that month, that he had been unable to locate his client. Instead he waited until the eve of trial to file the motion and the day of trial to argue it.

Defendant's attorney had an entire month following his appointment to ask the court for a continuance, but he chose to wait until the afternoon before the trial to ask for one. That procrastination placed an unreasonable burden on the state, its witnesses and the court. That is an abuse of the

system. The court did not abuse its discretion by denying defendant's motion for a continuance.

Affirmed.