Argued and submitted March 13, affirmed November 5, 1997

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD JAMES BRENNER,
*Appellant.*

## (93CR0927TM; CA A88938)

947 P2d 1139

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from his conviction for unlawful possession of a controlled substance. ORS 475.992. He makes multiple assignments of error, and we affirm.

In his first assignment of error, defendant argues that the trial court erred when it denied his motion to suppress evidence of a metal container seized by the arresting officer. In December 1993, police officers Roshak and Wilson were investigating a report of a stolen car and went to an address given to them by a confidential informant. When they arrived, they found defendant working on a pickup. A passenger was seated in the cab of the vehicle. Roshak approached defendant and asked if he was the individual whom the officers had intended to contact at the residence. Defendant said that he was not that individual, and Roshak turned and began to walk away. Defendant suddenly put his hand in his jacket pocket and walked around the side of the vehicle so that the vehicle shielded him from Roshak's view. Roshak became alarmed.

Because of defendant's actions, he suspected that defendant was in the process of using a weapon. Roshak saw defendant then bring his hand out of his jacket and place an object between the legs of the passenger. As the passenger grasped the object, Roshak saw a flash of metal. Then the passenger, arms rigid, concealed the object between her legs. Roshak ordered defendant to stay at the front of the vehicle and told Wilson to "cover" him. He then walked around to where the passenger was seated and commanded her to give him the object. When the passenger complied, Roshak identified the object as a metal match container. In the past, Roshak had found controlled substances in containers of that kind. Based on defendant's and the passenger's furtive gestures and Roshak's past experiences, Roshak testified that there was no doubt in his mind that the container contained drugs. He opened the container and found a bindle of methamphetamine inside, which led to defendant's arrest and his conviction.

Defendant argues that Roshak did not have a reasonable suspicion under the circumstances that he posed

an immediate threat of harm to Roshak and the other officer. Therefore, it follows, according to defendant, that Roshak had no basis under Article I, section 9, of the Oregon Constitution to seize the container. We disagree with defendant's premise. Defendant's sudden movements could lead a reasonable officer to conclude that defendant had a weapon that he had hidden on the passenger's person. We considered a similar situation in *State v. Starkweather*, 98 Or App 7, 9-10, 777 P2d 418 (1989), where the defendant appeared to be "attempting to conceal something" and then moved "as if he were reaching for something." We held that, under those circumstances, the defendant's conduct provided the objective, articulable facts that gave rise to a reasonable suspicion that the defendant was armed and dangerous. Similarly, we conclude that Roshak was justified in believing that defendant posed an immediate threat to his safety, and, therefore, was entitled to seize the container as a reasonable protective measure.

■    Defendant also argues that once Roshak discovered that the object was not a weapon, then the circumstances did not provide probable cause for Roshak to search the container. Again, we disagree. Roshak's experiences with finding controlled substances in similar containers combined with defendant's attempt to dispose of the container furtively provided the requisite probable cause and exigent circumstances to open the container to determine if it contained evidence of a crime. *State v. Herbert*, 302 Or 237, 243, 729 P2d 547 (1986). For these reasons, the trial court did not err in denying defendant's motion to suppress the evidence of the container and its contents.

■    In his second assignment of error, defendant asserts that the trial court erred in denying his motion for discovery of police reports written by Roshak about other investigations involving controlled substances found in metal match containers or other small containers. Defendant argues:

> "Defendant hoped to use the absence or limited number of instances in which Officer Roshak had found drugs in metal match containers to impeach at trial Roshak's previous testimony * * * concerning instances when he had assertively [*sic*] found drugs in metal match containers."

Defendant concludes that he was entitled to the reports under both ORS 135.815(1) and the Due Process Clause of the United States Constitution.

■ Defendant's argument fails because he has identified no ground for reasonably believing that the reports requested would be favorable to his defense. A necessary predicate under the federal constitution is that defendant show a reasonable, good faith belief that the evidence sought is favorable to him and material to his defense. *State v. Koennecke*, 274 Or 169, 179, 545 P2d 127 (1976). Additionally, defendant has made no showing that anything in the reports could be relevant. ORS 135.815(1). In the absence of such a showing, the trial court did not err in denying defendant's motion for discovery.

Defendant's third assignment of error says:

"The trial court erred in forcing defendant to proceed *pro se* without a knowing and intelligent waiver of counsel." (Footnote omitted.)

We set out defendant's argument in support of his assignment in some detail. In his brief, defendant explains:

"The court committed reversible error by failing to insure defendant's waiver of his right to counsel was knowing and voluntary. Both the Sixth Amendment to the United States Constitution and Article I, section 11 of the Oregon Constitution guarantee criminal defendants the right to counsel. * * *

"* * * * *

" 'Courts * * * are reluctant to find that fundamental constitutional rights have been waived. * * * Accordingly, a valid waiver will not be presumed from a silent record.'

"*State v. Meyrick*, 313 Or 125, 131-33, 831 P2d 666 (1992); *see Boykin v. Alabama*, 395 US 238, 242, 89 S Ct 1709, 23 L Ed 2d 274 (1969) (no waiver of counsel implied from silent record).

"There was no inquiry on the record as to whether defendant made a knowing and voluntary waiver of counsel. The court made no finding to that effect. The failure to

insure [that] defendant's waiver was knowing and voluntary requires reversal."

▮▮    In our view, defendant's assignment of error challenges whether he validly waived his right to counsel. Under the holdings in *Meyrick* and *Boykin*, a trial court may accept a defendant's proffered waiver of counsel only if it finds that the (1) defendant knew of his or her right to counsel and, if indigent, of his or her right to court-appointed counsel, and (2) that the defendant had intentionally relinquished or abandoned that right. We decline to address any error other than the error assigned. ORAP 5.45(4).[1]

In support of his assignment of error, defendant relies on the following events. Defendant was arraigned on January 14, 1994. The hearing on his motion to suppress was conducted on April 4, 1994, when defendant was represented by counsel. On April 27, 1994, defendant appeared with a different court-appointed counsel after his initial counsel had been permitted to withdraw from the case. At that time, defense counsel informed the court that he wanted an opportunity to enter into plea negotiations with the state before a trial date was set. The trial court then set a further appearance date for May 23, 1994. Defendant made subsequent court appearances with a third counsel on June 29, 1994, August 11, 1994, and October 13, 1994.

On December 15, 1994, defendant appeared without counsel and was informed by the trial court that it had allowed defendant's third court-appointed attorney to withdraw. The trial court told defendant:

---

[1] ORAP 5.45(2) says:

"No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record."

ORAP 5.45(4) says:

"Each assignment of error shall be clearly and concisely stated under a separate and appropriate heading, must be specific and must set out verbatim the pertinent portions of the record, if it relates to a specific ruling that is being challenged."

"We've already set the date for trial. * * * We're going to give you the trial dates now so you know when you need to return.

"I allowed your third court appointed attorney to withdraw from the case. If you want to be represented at trial, you need to hire an attorney. I strongly urge that you do that because once you come to trial, you'll be held to the same standards as the other attorneys are and you'll need to know the same information and know how to proceed. Between now and the trial date, I strongly urge you to get an attorney.

"These trial dates are firm. This won't be continued any further. * * *"

The trial court then set April 26 as the trial date for count one and April 27 as the trial date for count two of the accusatory instrument.[2] After the trial court had informed defendant of the trial dates and ascertained that defendant desired a jury trial, it told him:

"But again, I strongly urge you to hire an attorney. Because you've gone through three court appointed attorneys, I'm not going to appoint another attorney to represent you. You're obviously dissatisfied with the attorneys that we're able to come up [with].

"Yes?

"[DEFENDANT]: I was not dissatisfied with Mark Reinecke and I still have no idea why he withdrew.

"THE COURT: Well, there is a motion to withdraw in the file. If you want to look through the court file, you'll need to go downstairs and you can look through it and see what he put in his motion. But he put forth sufficient grounds for him to withdraw, so I can't reappoint him to assist you.

"Like I said, I strongly urge that you get an attorney, or, at the very least, talk to an attorney about how to proceed on criminal trial.

"All right. Anything further?

---

[2] Defendant was charged with possession of a controlled substance and with unlawful use of a motor vehicle. This appeal concerns only his conviction for possession of a controlled substance.

"[DEFENDANT]: No, Your Honor."

On April 14, 1995, defendant filed a written motion to continue the trial date, which the trial court denied. On April 26, 1995, defendant appeared for trial without an attorney. Defendant informed the court that his mother was concerned with the outcome of the case and had volunteered to pay defendant's attorney fees. Defendant told the court that he had contacted another attorney "a few days ago" and requested that that attorney represent him. According to defendant, the attorney had said that he could represent defendant,

"but not on this date because it's too short a notice, he would not have time to prepare for the case. So I would request that I be allowed to retain him to represent me in this case and be given a rescheduling so that he would have time to prepare this case."

The trial court denied the motion. It said:

"This case is a 1993 case. It's a two year old case. Criminal cases are typically tried within about nine months. You were granted a court appointed attorney * * * and [in] April, [1993], [the attorney] was allowed to withdraw because of conflicts that he had with you. You were then granted [a second attorney] shortly after that and [that attorney] withdrew because he couldn't communicate with you. You were then granted [a third attorney]. Then you indicated you weren't confident about [that attorney]. [That attorney] was allowed to resign on December 1994. You've gone through three court appointed attorneys. Then I set a trial date on December 15th of '94, and I remember specifically making it clear to you that if you were going to hire an attorney you needed to do so immediately because there would be no further continuances on this case. Then I received a motion to continue from you dated April 17, 1995, indicating that you suddenly feel it's appropriate to have an attorney. I denied that motion to continue. It had [*sic*] been close to five months since I told you you had to get an attorney if you were going to have an attorney and that there would be no further setovers. So your motion to continue is denied."

■     Based on this record, defendant argues that the trial court erred in forcing him to proceed without a knowing and

intelligent waiver of counsel. We disagree, because it is clear from the record that defendant knew that he had a right to counsel. He had had the benefit of three court-appointed attorneys and wanted a continuance of the trial date so he could hire his own lawyer. This is not a case in which the defendant elected to represent himself and the court was required to ascertain whether his waiver of the right to be represented by counsel was made voluntarily and intelligently. Factually, this case is similar to *State v. Lingren*, 79 Or App 324, 719 P2d 61 (1986), where the defendant indicated his intention to hire an attorney at his own expense at each court appearance. On the day of trial, he appeared without counsel and explained that the attorney whom he had retained had withdrawn because payment arrangements had fallen through. The trial court refused to delay the proceedings. We said:

> "Defendant's argument focuses on the judge's failure to determine whether his choice to proceed without counsel was made with full knowledge of his rights. This is not a case, however, where the defendant has waived his rights. Rather, the question is whether the trial court abused its discretion in forcing defendant to proceed without counsel and refusing to allow another delay so that defendant could continue his efforts to secure counsel." 79 Or App at 327. (Citations omitted.)

In summary, defendant's argument that he did not validly waive his right to counsel misses the point. He knew of his right to counsel and, even though he had over four months in which to retain counsel, he put himself in the position of asking the court to continue the trial so he could be represented by counsel. The propriety of the trial court's decision on that issue is not properly before us and, under the circumstances, the trial court had no obligation to enter into the inquiry required by *Meyrick*.

Affirmed.