Argued and submitted January 21, reversed and remanded July 21, 1999

# STATE OF OREGON,
*Appellant,*

*v.*

# WILLIAM GEORGE HEWITT,
*Respondent.*

# (970562C; CA A99438)

985 P2d 884

Kaye E. Sunderland, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robert J. McCrea argued the cause for respondent. With him on the brief was McCrea, P.C.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

LINDER, J.

De Muniz, P. J., dissenting.

**LINDER, J.**

The state appeals a pretrial order dismissing with prejudice a complaint against defendant for driving under the influence of intoxicants. ORS 813.010. We reverse and remand.

Before trial, defendant sought to waive his right to jury trial and to be tried by the court. The state objected and demanded a jury trial, pursuant to ORS 136.001(1). The trial court denied the state's jury trial demand, concluding that ORS 136.001(1) is unconstitutional. The state then sought a continuance so that it could seek review of the trial court's ruling. The trial court denied that postponement, at which point the state declared that it was not prepared to proceed without first seeking review. When the state would not proceed, the trial court dismissed the charge with prejudice.

On appeal, the state first assigns error to the trial court's denial of the state's demand for a jury trial. The parties disagree whether the order dismissing the charge encompasses the underlying jury trial ruling sufficiently to be within our scope of review on appeal. *Compare State v. Caruso*, 289 Or 315, 613 P2d 752 (1980) (on appeal of order dismissing charge, court generally may not review correctness of other preceding or intermediate orders) *with State v. Martinez*, 97 Or App 170, 776 P2d 3 (1989) (on appeal of order dismissing charge, court may review ruling that informant's identity must be disclosed because that ruling encompasses a determination that is a predicate to the dismissal). We do not resolve that disagreement, however, because after the parties briefed and argued this case, the Supreme Court held that ORS 136.001(1), which gives the state a right to demand a jury trial, is unconstitutional. *State v. Baker*, 328 Or 355, 976 P2d 1132 (1999). The reviewability of the underlying jury trial ruling therefore is moot.

The question remains whether the trial court abused its discretion in dismissing the case after the state declared that it was not prepared to proceed, which is the issue raised by the state's second assignment of error.[1] The trial court's order was entered pursuant to ORS 136.120, which provides:

---

[1] Whether the trial court erred in dismissing the case is not moot because that question bears on whether the state can prosecute the charge at all, even without a jury.

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

The trial court dismissed with prejudice.

The state argues that the trial court abused its discretion because the prosecutor showed sufficient cause for postponement on the ground that the state wanted to seek review of the trial court's denial of its request for a jury trial "through mandamus." Defendant, in response, contends that the state's argument is not preserved because the state did not refer below to filing a "mandamus," but instead declared only that it wanted to "appeal" the trial court's ruling. Beyond asserting that the state has changed its argument on appeal, defendant does not defend the trial court's ruling.

■    Defendant is correct that the state, in requesting a continuance and in declaring that it was not prepared to proceed to trial, referred to appealing the trial court's ruling on its entitlement to jury trial. Defendant is also correct that the state had to seek appellate review of the court's ruling through mandamus and had no ability to do so through the filing of a notice of appeal.[2] But, in relying on the prosecutor's choice of terms, defendant makes too much of words in this instance.

To be sure, the term "appeal" can assume a narrow technical meaning, describing a right of appellate review exercised by the filing of a notice of appeal. *See, e.g.*, ORS 19.240. But the term also broadly and more generally describes any legal proceeding by which a decision of a lower court or other adjudicative body is brought to a higher court for review.[3] A variety of procedural mechanisms lead to

---

[2] Under ORS 138.060, the state may appeal only a limited range of rulings; the court's denial of a jury trial is not one of them. Because the state had no adequate remedy at law, the state could have filed a petition for an original writ of mandamus in the Oregon Supreme Court, asking that court to exercise its discretion to review the trial court's ruling. *See* Or Const, Art VII (Amended), § 2. *See generally Baker*, 328 Or 355 (mandamus review of ruling denying state a jury trial under ORS 136.001).

[3] *See Webster's Third New Int'l Dictionary*, 103 (unabridged ed 1993), defining "appeal" as "**1a**: a legal proceeding by which a case is brought from a lower to a

review of lower tribunal decisions by higher appellate courts. Many are not "appeals" in the most narrow sense of the word. An obvious example is an "appeal" to the Oregon Supreme Court following a decision of this court. Although often termed an "appeal," a case in fact proceeds from this court to the Oregon Supreme Court by way of a discretionary "petition for review." Similarly, most administrative decisions are not brought to this court for review through notices of appeal but are pursued instead on petitions for review. Numerous other examples abound—*e.g.*, automatic review of death penalty cases; original review of administrative rules; special statutory review proceedings, such as energy facility and prison siting decisions; ballot title review; and review through a variety of special writs. It is both commonplace and, in a general way, correct to refer to all of those review mechanisms as "appeals," despite the fact that they are not initiated by a notice of appeal.

Nor is defendant's parsing of the prosecutor's terminology defensible on this particular record. At a minimum, to sustain the trial court's exercise of discretion based on the distinction between the most narrow meaning of "appeal" and review by way of mandamus, that distinction ought to have been the basis on which the trial court *in fact exercised* its discretion. It was not. Defendant did not argue below, as he now does, that the court should deny the postponement because the state wanted to "appeal" the court's ruling rather than seek review by mandamus. The trial court in no way suggested that it was denying the postponement on that ground—*i.e.*, that the state desired to pursue an "appeal" and was not entitled to do so. Rather, in requesting the postponement so that it could appeal the ruling, the state urged the importance of the jury trial right at stake, the defense voiced concern about inconveniencing two of its witnesses, and the trial court summarily denied the state's motion and dismissed the case with prejudice. The only conclusion reasonably to be drawn on this record is that the trial court simply was unwilling to provide the state with an opportunity to

higher court for rehearing"; *Black's Law Dictionary*, 96 (6th ed 1990) (defining the word "appeal" to include: "Resort to a superior (*i.e.* appellate) court * * * or administrative agency. A complaint to a higher tribunal of an error of injustice committed by a lower tribunal;" also observing that "an appeal may be as of right (*e.g.* from trial court to intermediate appellate court) or only at the discretion of the appellate court (*e.g.* by writ of certiorari to U.S. Supreme Court)").

obtain an appellate court ruling on the issue, not that it rejected a postponement because the state articulated the wrong remedy.

The issue thus reduces to whether the trial court properly dismissed the case with prejudice when the state declined to proceed to trial because it wanted to seek review of the trial court's ruling that the statute granting the state a right to jury trial is unconstitutional. Our review of that decision is for abuse of discretion. *State v. Gunder*, 154 Or App 332, 334, 964 P2d 265 (1998). That standard of review generally is very deferential to a trial court's exercise of judgment. *See Carter v. Moberly*, 263 Or 193, 201, 501 P2d 1276 (1972) (abuse of discretion standard tests only whether the trial court made a decision within the permissible range of choices, not whether the particular choice is the one the appellate court would make). But discretion rarely, if ever, is absolute. *Gunder*, 154 Or App at 338. In the context of a dismissal *with prejudice*, a trial court's discretion is circumscribed by the recognition that "[t]he power to bar prosecution, with all its attendant public consequences, is a drastic one to be exercised only in exceptional circumstances." *State v. Williams*, 17 Or App 43, 48, 520 P2d 462 (1974). In reviewing the trial court's refusal to grant a postponement and its decision to dismiss the case, we consider the reasons for seeking the postponement and the magnitude of the interests at stake. *See, e.g., State v. Hickey*, 79 Or App 200, 202-03, 717 P2d 1287 (1986) (abuse of discretion to deny defendant a continuance where effect of doing so was to deprive defendant of right to counsel). We also consider whether the dismissal conforms with the spirit of the statute and its goal of serving the public interest. *See generally Coleman v. Meyer*, 261 Or 129, 134, 493 P2d 48 (1972) (trial court discretion to decide whether to set aside a judgment should be exercised to serve the spirit of the statute, achieve substantial justice, and effectuate a party's day in court).

Three considerations lead us to hold that, in this instance, the trial court abused its discretion by not postponing the trial and by instead dismissing the charge with prejudice. First, the nature of the interest that the state was asserting was a particularly weighty one. The state's entitlement to a jury trial was, first and foremost, ostensibly

secured at the time both by statute and by the Oregon Constitution.[4] Moreover, it was of an inherently significant nature: Few trial procedures, whether granted by statute or due by constitutional imperative, are more deeply valued and jealously guarded than trial by jury.

Second, the issue was one of statewide importance. The jury trial entitlement that the state was asserting attached in *all* criminal prosecutions. Resolution of the state's ability to insist on a jury trial had implications for all other criminal cases that would be tried before that same trial court. Furthermore, resolution of the issue by an appellate court—and, in this case, by the Oregon Supreme Court—would affect all criminal prosecutions throughout the state.

Third, interlocutory appellate review through an original writ of mandamus to the Supreme Court was the best—and perhaps only—vehicle to obtain appellate court resolution of the issue. It was also the most expeditious review mechanism. The state in a criminal case generally has no authority to appeal after judgment and would not have in this instance. Thus, in any case in which the state was denied a jury trial, the state could neither vindicate that interest in the particular case nor seek review to obtain authoritative statewide resolution unless the trial court, after declining the state's request, were to permit the state a postponement to file a mandamus petition. Indeed, *Baker*, which resulted in Supreme Court resolution of the jury trial question that the state wanted to have reviewed in this case, arose by way of mandamus, demonstrating both that the state had no remedy at law to resolve the question and that the issue was one of public importance.

The dissent takes issue with our conclusion, first agreeing with defendant that the prosecutor's reference to an "appeal" rather than "mandamus" is fatal, even though the

---

[1] When the issue arose below, Ballot Measure 40, amending the Oregon Constitution, and Senate Bill 936 both were in effect and both gave the state a right to demand a jury trial in all criminal prosecutions. *See* Or Laws 1997, ch 313, § 21 (SB 936); Or Const, Art I, § 42 (Measure 40). Measure 40 was later declared invalid because of the form in which it was submitted to voters. *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998). The subsection of SB 936 giving the state an entitlement to jury trial (codified at ORS 136.001(1)), was only recently ruled unconstitutional under Article I, section 11, of the Oregon Constitution. *See Baker*, 328 Or at 364.

reference was not wrong, only imprecise, and even though no one below—including the trial court—suggested that the state's motion should be denied on that basis. 162 Or App at 58. The dissent resorts to a linguistic trap set after the fact, rather than a meaningful assessment of the record and the ruling below.

As for the dissent's observation that the state's legal position was "substantively incorrect," *id.* at 58, it is both shortsighted and hindsighted. Granted, *Baker* established that the state's legal position was incorrect. But the essential point is that, when the trial court made its ruling below, the issue was unsettled. This case provided a potential vehicle to resolve it. Apart from the question of which party would ultimately prevail, there was value in an authoritative appellate resolution of the constitutional issue at stake, an observation that the dissent does not ultimately dispute. For that resolution to happen, some trial court, after ruling against the state, had to stay its hand so that review could be sought. *See Baker*, 328 Or at 358 n 4. When the trial court dismissed this case with prejudice instead of granting a continuance, the trial court cut off access to a time-honored avenue of review for important statewide issues. The trial court articulated no reason for doing so, and we can discern none.

■ We therefore hold that where the state requests a postponement so that it may seek review of an issue of this magnitude and scope, a trial court abuses its discretion if it dismisses a charge with prejudice, rather than permits the state an opportunity to seek appellate court review, in the absence of a showing by the defendant of substantial prejudice.[5] That showing was not made here. Defendant voiced an objection based only on the fact that two physician witnesses were present to testify and that presenting their testimony at a later date would be inconvenient because they would have to rearrange their schedules. That was not prejudice—let alone substantial prejudice—sufficient to circumvent the

---

[5] We limit our decision to the circumstances of this case, in which the state had not yet obtained appellate court review of the jury trial issue in question. Different or additional factors may enter into an assessment of the appropriateness of postponing the trial of other cases pending resolution of an issue already under advisement at the appellate level.

possibility of appellate review of what was at that time a significant issue of statewide impact. The trial court erred in dismissing the charge. *See State v. Hoare*, 20 Or App 439, 532 P2d 240 (1975) (a dismissal that serves no purpose other than to render moot a party's right to seek appellate review is an abuse of discretion).

Reversed and remanded.

**DE MUNIZ, P. J.,** dissenting.

The majority holds that the trial court abused its discretion when it denied the state a continuance on the day of trial so that the state could attempt to appeal a pretrial order that (a) by statute was not appealable, and (b) under the Oregon Supreme Court's decision in *State v. Baker*, 328 Or 355, 976 P2d 1132 (1999), was absolutely correct. The majority implicitly accepts that the state was wrong in every material respect in its legal position, and the trial court was correct in every material respect, but nonetheless somehow concludes that the state's nonmeritorious refusal to go to trial on the scheduled trial date was excusable and that the trial court abused its discretion in dismissing the case when the state refused to proceed. I respectfully dissent.

In 1997, the legislature enacted Senate Bill 936, which provided, in part, that the state was entitled to demand a jury trial in criminal cases. ORS 136.001. In this case, defendant waived his right to jury trial, and the state attempted to assert its right to demand a jury trial under ORS 136.001. Defendant argued that ORS 136.001, as amended by Senate Bill 936, was unconstitutional under Article I, section 11, of the Oregon Constitution. The trial court agreed with defendant's argument, and the trial court's decision on this point ultimately proved to be correct. *See Baker*, 328 Or at 364 ("ORS 136.001(1) infringes on the right granted by Article I, section 11, of the Oregon Constitution."). The state asked the court for a continuance "to appeal" the court's ruling that ORS 136.001 was unconstitutional. The court denied that motion, and the state refused to proceed to trial. As a result of the state's refusal to go forward, the trial court dismissed the case.

The state appealed to this court, arguing that the trial court erred in concluding that ORS 136.001 was unconstitutional and sought the following relief:

> "[T]he trial court's order of dismissal should be vacated and this case remanded for jury trial. In the alternative, the order of dismissal should be vacated and the case remanded to the trial court for entry of an order continuing the case for the purpose of allowing the state to seek review of the ruling denying a jury trial in mandamus."[1]

After the Supreme Court decided the constitutional question in *Baker* adversely to the state, it filed a memorandum of additional authority in this case, in which it suggested for the first time that it was seeking a different remedy: "The trial court could have continued the case, thereby allowing the state to pursue its case against defendant in a bench trial[.]" Although the state did not explain why it needed a continuance for a bench trial when it apparently was ready to proceed with a jury trial, the majority concludes that the state was entitled to a continuance despite the fact that the state was wrong about the law in all respects. The majority is incorrect.

The majority attempts to avoid the inevitable legal conclusions that must flow from the series of events described above. The majority says that whether or not the state could, in fact, raise the issue of the constitutionality of ORS 136.001 on appeal is "moot" because *Baker* has established that the statute is unconstitutional. 162 Or App at 49. Although the constitutionality of ORS 136.001 is no longer in dispute, that does not mean that the appealability question necessarily is moot, as "appeal" was the only reason given by the state when it sought a continuance.

ORS 138.060 provides:

> "The state may take an appeal from the circuit court to the Court of Appeals from:

---

[1] Actually, contrary to the state's and the majority's assumptions, nothing prevented the state from pursuing a mandamus remedy at the time of the dismissal. *See, e.g., State ex rel Huddleston v. Sawyer*, 324 Or 597, 600-08, 932 P2d 1145, *cert den* 522 US 994 (1997) (state could pursue mandamus remedy while also pursuing appeal, under circumstances where it was unclear whether the issue would be reviewable on appeal).

"(1)   An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2)   An order arresting the judgment;

"(3)   An order made prior to trial suppressing evidence;

"(4)   An order made prior to trial for the return or restoration of things seized;

"(5)   A judgment of conviction based on the sentence as provided in ORS 138.222; or

"(6)   An order in a probation revocation hearing finding that a defendant who was sentenced to probation under ORS 137.712 has not violated a condition of probation by committing a new crime."

ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

The question of whether the trial court abused its discretion in dismissing the case pursuant to ORS 136.120 rests entirely on whether the state had "show[n] any sufficient cause for postponing the trial." In seeking postponement, the prosecutor stated: "Based on your denial [of the request for a jury trial], Your Honor, because we wish to appeal this ruling of yours, we would ask—excuse me—we are not ready to proceed at this time." Defense counsel then declared that he was prepared to proceed, that he had two doctors who had arranged their schedules in order to be there and that rescheduling would be difficult for them, and asked that the case be dismissed with prejudice. Defendant argues, and the state *acknowledges*, that the state could not actually have used the appeal process to obtain review of the trial court's determination that ORS 136.001 was unconstitutional, as that decision, in and of itself, was not an appealable order under ORS 138.060.

In sum, the state's position in the trial court was both procedurally incorrect (because appeal was not an available option) and substantively incorrect (because it was not entitled to insist on a jury trial). Despite the fact that the state's "appeal" of the trial court's decision was doomed from the outset, the majority finds an abuse of discretion when the trial court dismissed after the state refused to proceed to trial. Defendant and the trial court were ready to go to trial on schedule. The state did not want to go to trial and therefore sought a continuance. The only reason the state gave for requesting a continuance was to appeal from a nonappealable order.

The majority holds that the trial court abused its discretion in denying a continuance because the court should have guessed that, once the prosecutor figured out that an appeal was not possible, he might have decided to seek a writ of mandamus against the trial judge. 162 Or App at 50-51. The majority's mandamus discussion is strained, to say the least. It asserts, in essence, that, because appeal involves review by an appellate court, and because certain mandamus actions also involve proceedings before an appellate court, the trial court should have intuited that the prosecutor who said he wanted to "appeal" the trial court's ruling really meant that he wanted to seek a writ of mandamus in the Oregon Supreme Court against the judge. 162 Or App at 50-51. For its expansive view of the word "appeal," the majority cites *Webster's Third New Int'l Dictionary*. 162 Or App at 50-51 n 3. Although the dictionary certainly is a fine general reference work and often provides useful definitions to the court, it is *not* a definitive or even a helpful source for what the word "appeal" means in the context of a state's appeal in a criminal proceeding. The state's right to appeal is neither created nor limited by a dictionary definition of the word "appeal," and, instead, is created by, and limited by, the terms of ORS 138.060.

In sum, the state asserted a right to a jury trial under an unconstitutional statute and refused to proceed to trial when the trial court correctly determined that the statute was unconstitutional. The only reason for the state's refusal to proceed was that it wanted to appeal from a nonappealable order. In a vast number of cases, appellate courts

have concluded that trial courts did not abuse their discretion in denying a criminal defendant's motion for a continuance on or near the day of trial under circumstances much more sympathetic than those presented here.[2] Today the majority appears to create a double standard in favor of the state.

Whether the state has shown "sufficient cause" for postponing a trial, ORS 136.120, must be tested objectively. From an objective standpoint, the state's reason for seeking a postponement was not "sufficient cause." Because the state did not "show any sufficient cause for postponing the trial," ORS 136.120, the trial court did not abuse its discretion in denying the state's motion for continuance and in dismissing the case when the state refused to proceed. The majority errs in concluding otherwise.

I respectfully dissent.

---

[2] *See, e.g., State v. Parker*, 317 Or 225, 231-32, 855 P2d 636 (1993) (no abuse of discretion in denying defendant's motion for continuance on ground that his expert was not available to present live testimony); *State v. Brenner*, 151 Or App 159, 947 P2d 1139 (1997) (no abuse of discretion in denying defendant's motion for a continuance to retain counsel); *State v. Keerins*, 145 Or App 491, 932 P2d 65 (1996) (same); *State v. Beaty*, 127 Or App 448, 873 P2d 385, *rev den* 319 Or 406 (1994) (no abuse of discretion in denying defendant's motion for continuance to prepare to rebut testimony of surprise witness); *State v. Burns*, 121 Or App 373, 854 P2d 961 (1993) (no abuse of discretion in denying defendant's motion for continuance although newly appointed lawyer had no chance to meet defendant until three days before trial and did not have adequate time to prepare for trial); *State v. Monsebroten*, 106 Or App 761, 809 P2d 1366 (1990), *rev den* 311 Or 482 (1991) (no abuse of discretion in denying defendant's motion for continuance on ground that subpoenaed witness failed to appear).