Argued and submitted April 10, reversed and remanded with instructions October 11, reconsideration denied November 24, petition for review denied December 28, 1989
(308 Or 660)

STATE OF OREGON,
*Appellant,*

*v.*

RICHARD SCOTT DANIEL,
*Respondent.*

(88 D 101651; CA A49791)

780 P2d 784

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jay Edwards, Salem, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

The state appeals an order dismissing an information charging defendant with the crime of public indecency, ORS 163.465, for exposing himself to a passing motorist on Interstate 5. We reverse and remand.

On the day set for trial in this case, the deputy district attorney told the court that the complaining witness was not available to testify on that day. She explained that the witness was a traveling sales representative from Snohomish, Washington, that she had made several attempts to contact her and that, although the witness returned her calls during the week before trial, she had not been able to speak directly with her. On the morning of trial, however, she did speak by telephone with the witness' husband, who told her that she was in Canada on a "semi-emergency" business trip. The state moved for a continuance, and defendant moved for a dismissal. The trial court granted the dismissal with prejudice.

The state appeals, arguing that the trial court abused its discretion in granting the dismissal with prejudice. Under ORS 136.120, a trial court has the authority to dismiss a case if the district attorney is not prepared to proceed to trial.[1] Further, a dismissal may be with prejudice. ORS 136.130.[2] However, the court's discretion to dismiss with prejudice is not absolute. There must be a substantial reason for barring further prosecution. *State v. Love,* 38 Or App 459, 462, 590 P2d 741, *rev den* 286 Or 303 (1979). As stated in *State v. Williams,* 17 Or App 43, 48, 520 P2d 462 (1974): "The power to bar prosecution, with all its attendant public consequences, is a drastic one to be exercised only in exceptional circumstances."

---

[1] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

[2] ORS 136.130 provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

In *Williams,* the defendant was charged with rape. On the Friday preceding a Monday trial, the district attorney attempted to notify the court and defense counsel that the state would not be ready for trial because the victim could not be located. Apparently, the court was only notified that a jury would not be needed, and defense counsel was advised that the state might move for a continuance. At the time set for trial, the district attorney told the court that he was unable to find the victim and moved for a dismissal. The defendant requested that the dismissal be with prejudice, because he anticipated some difficulty in locating his witnesses again and because he believed that the prosecution had been less than diligent in its attempts to locate the victim. The trial court granted the dismissal with prejudice. On appeal, we held that the trial court abused its discretion because (1) the state's inability to proceed was not due to inexcusable neglect by the prosecution but rather was due to circumstances beyond the control of the state; (2) no actual prejudice to the defendant was shown; and (3) the defendant's right to a speedy trial could otherwise be protected. 17 Or App at 49.

In this case, the deputy district attorney made several attempts to produce the victim for trial. Her unavailability was not due to inexcusable neglect by the deputy district attorney but was due to circumstances beyond her control. Further, there is no evidence that defendant would be prejudiced if the case is continued or dismissed without prejudice. Finally, defendant's right to a speedy trial is protected, and he will have the ability to assert that right if he is charged again. *See, e.g., State v. Love,* 38 Or App at 462. There is no substantial reason to justify a dismissal with prejudice in this case. Therefore, we hold that the trial court abused its discretion.

Reversed and remanded with instructions to enter an order of dismissal without prejudice.