Argued and submitted December 19, 1997, reversed and remanded June 10, 1998

# STATE OF OREGON,
*Appellant,*

*v.*

# DAVID J. GUNDER,
*Respondent.*

(96-7090; CA A95587)

964 P2d 265

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Margaret H. Leek Leiberan argued the cause for respondent. With her on the brief were Leiberan & Gazeley and John H. Tuthill.

Before De Muniz, Presiding Judge, and Deits, Chief Judge,* and Haselton, Judge.

HASELTON, J.

---

* Deits, C. J., *vice* Rossman, S. J.

**HASELTON, J.**

The state appeals the trial court's pretrial order dismissing with prejudice a charge of driving under the influence of intoxicants (DUII). The dismissal was entered after the court denied the state's motion for a postponement of trial because of the unavailability of an essential witness. We conclude that we have jurisdiction, *State v. Freeman*, 127 Or App 640, 873 P2d 1107 (1994), and that the court abused its discretion in entering the dismissal with prejudice. *State v. Daniel*, 98 Or App 695, 697-98, 780 P2d 784, *rev den* 308 Or 660 (1989). Accordingly, we reverse and remand.

Defendant was involved in an auto accident on December 10, 1994. Sixteen months later, on April 21, 1996, defendant was issued a citation charging him with DUII, minor in possession of alcohol (MIP), and assault in the fourth degree, arising out of that accident. On May 13, 1996, defendant was arraigned and, at that time, the state dropped the assault charge and struck the MIP count.[1] On June 17, defendant submitted a petition for diversion. The state opposed the petition, and a hearing was held on July 10. After the hearing, the court denied the petition for diversion, and defendant entered a not guilty plea. The court set the trial for September 24.

On September 4, the trial court held a pretrial conference. Both the state and defendant reported that they were ready for trial. On September 23, the day before the scheduled trial, the state filed a motion seeking postponement. That motion recited that: (1) the deputy district attorney who had originally been assigned to try the case had neglected to subpoena an Oregon State Police criminalist, Hinkley, who had tested defendant's blood for alcohol content; (2) the deputy district attorney had incorrectly assumed that he would not need Hinkley's testimony to admit the report of defendant's blood alcohol test at trial; (3) the District Attorney, William Porter, had assumed responsibility

---

[1] The state refiled the MIP charge as a separate case. That case was set to be tried with the DUII case and, as with the DUII case, the state moved to dismiss the MIP case because of a witness's unavailability. Only the DUII case is before us in this appeal.

for the file and, in the course of preparing for trial, had discovered the failure to assure Hinkley's appearance; and (4) Porter had been unable to reach Hinkley until September 23 and had then learned that she could not testify because of an irreconcilable scheduling conflict.

The trial court denied the continuance motion. Because Hinkley was an essential witness, the state then moved to dismiss the DUII charge without prejudice. Defendant objected, arguing that the dismissal should be with prejudice. The court granted the motion to dismiss but reserved ruling on whether the dismissal would be with or without prejudice.

Before the court determined that issue, defendant filed a motion for judgment of acquittal. ORS 136.445. Invoking *Daniel*, 98 Or App 695, defendant argued that, because of the state's "inexcusable neglect" in failing to secure Hinkley's attendance, and because refiling of the DUII charge and subsequent rescheduling of the trial would involve substantial delay, dismissal with prejudice was warranted. Defendant further asserted that, upon dismissal with prejudice, ORS 136.130 mandated that "judgment of acquittal shall be entered."

On October 10, the trial court heard argument on defendant's motion. The state argued that, because the deputy district attorney had never prosecuted a DUII case involving the introduction of blood alcohol results, his failure to subpoena Hinkley was a good faith mistake of law and not "inexcusable neglect." The state further argued that the delay from arraignment to trial would not be excessive if the case were refiled, particularly in light of the fact that the trial date of September 24 was the first trial date set in the case.

Defendant disputed those arguments and identified an additional type of prejudice he would suffer unless the case was dismissed with prejudice: In the interim, after the original ruling dismissing the DUII charge, the state had refiled that charge along with the charge of fourth-degree assault that the state had dismissed at the May 13 arraignment. Defendant asserted that a dismissal without prejudice

of the DUII charge would allow the state to revive and prosecute the assault charge which would have been precluded had the case proceeded to trial as scheduled.

On November 12, the trial court ordered that the accusatory instrument be dismissed with prejudice. No findings or conclusions accompanied the order. The trial court did not rule on defendant's motion for judgment of acquittal.

On appeal, the state asserts that the court erred in dismissing the DUII charge with prejudice, rather than without prejudice. Before considering the merits, however, we must address a question concerning our jurisdiction. ORS 138.060 provides, in part:

> "The state may take an appeal from the circuit court to the Court of Appeals from:
>
> "(1)  An order made prior to trial dismissing or setting aside the accusatory instrument."

Defendant asserts that the order of dismissal with prejudice in this case is not appealable because (1) under ORS 136.130, the entry of that order necessitated the entry of a judgment of acquittal; and (2) a judgment of acquittal is not appealable under ORS 138.060. *State v. Carrillo*, 311 Or 61, 67, 804 P2d 1161 (1991). Although defendant's major premise is at least arguably correct and his minor premise is certainly so, his conclusion is not.

ORS 136.130 provides:

> "If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, *the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered.* If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense." (Emphasis added.)

The "shall be entered" language would seem to require the entry of a judgment of acquittal following a dismissal with prejudice. In *Carrillo*, 311 Or at 67, the court concluded "that the state may not appeal a 'judgment of acquittal' entered pursuant to ORS 136.130 because there is no statutory authority for such an appeal."

■ Nevertheless, defendant's jurisdictional argument fails. *Freeman*, 127 Or App 640, 873 P2d 1107 (1994). In *Freeman*, the state appealed the trial court's order dismissing a citation with prejudice. The defendant argued that the state had no statutory basis for appeal because the trial court orally indicated that it would enter a judgment of acquittal, even though it actually entered an order dismissing the charge with prejudice. We held that the signed order was determinative of the action the trial court had taken, and that, because the trial court did not enter a judgment of acquittal, ORS 138.060(1) provided statutory authority for the state's appeal. Thus, in *Freeman*, as here, the state appealed from an order of dismissal with prejudice, and we concluded that we had jurisdiction to consider that appeal under ORS 138.060.

Defendant acknowledges *Freeman* and asserts that, because our analysis did not address the application of ORS 136.130, we should reconsider and repudiate our holding. We disagree. The prerequisite of the jurisdictional analysis in *Carrillo* was the existence of a judgment of acquittal. *See Carrillo*, 311 Or at 67. Here, there was no such judgment. It may be, as defendant asserts, that the trial court should have entered a judgment of acquittal pursuant to ORS 136.130. But it did not do so, and defendant does not cross-appeal from that failure.[2] Accordingly, *Freeman* controls.

■ We turn to the merits. We note that the state does not dispute the propriety of dismissal under ORS 136.120,[3]

---

[2] On this record, where it is unclear whether the trial court denied the motion for judgment of acquittal or merely failed to rule on that motion, it is uncertain whether defendant's recourse more properly lay in appeal or in mandamus. In all events, he invoked neither.

[3] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

Here, unlike in *State v. Reeder*, 135 Or App 387, 898 P2d 1368 (1995), and *State v. Mock*, 80 Or App 365, 722 P2d 42 (1986), there was no question that the trial court purported to act under ORS 136.120 and ORS 136.130. Moreover, here, unlike those cases, the district attorney had moved for a continuance and made it clear that, upon the trial court's denial of the continuance motion, the state would be unable to proceed to trial.

but only disputes the propriety of dismissal with prejudice under ORS 136.130. ORS 136.130 grants trial courts discretion to dismiss accusatory instruments with prejudice. That discretion, however, is not "absolute." *State v. Love*, 38 Or App 459, 462, 590 P2d 741, *rev den* 286 Or 303 (1979). There must be a "substantial" reason for barring further prosecution. *Id*. We have explained that "[t]he power to bar prosecution, with all its attendant public consequences, is a drastic one to be exercised only in exceptional circumstances." *State v. Williams*, 17 Or App 43, 48, 520 P2d 462 (1974).

We have never comprehensively described the contours of a trial court's discretion under ORS 136.130. However, we have reviewed the application of that authority in *Daniel*; *State v. Cheshier*, 41 Or App 141, 597 P2d 839, *rev den* 288 Or 1 (1979); *Love*; and *Williams*.

In *Williams*, the defendant was charged with rape, but, when the case was called for trial, the district attorney moved to dismiss because he could not locate the victim. The trial court dismissed with prejudice, and we reversed, holding that circumstances beyond the control of the district attorney impeded the prosecution and the defendant made no showing that he would be prejudiced by a dismissal without prejudice. *Williams*, 17 Or App at 48-49.

In *Love*, the defendant was indicted for rape, kidnapping, and assault, but, as in *Williams*, the district attorney could not locate the victim. The trial court, after granting one set over, dismissed with prejudice. We held that dismissal with prejudice was error because the delay was not lengthy nor attributable to neglect by the district attorney, and defendant offered "no reason" to justify the dismissal with prejudice. *Love*, 38 Or App at 462-63.

In *Cheshier*, the defendant was charged with rape, but the district attorney was not prepared for trial on the date of trial. The district attorney had expected an omnibus hearing to be held before the trial and the trial court to postpone the trial to allow the state to appeal the court's pretrial rulings. The trial court, on the defendant's motion, dismissed with prejudice. We affirmed, reasoning that the district attorney should not have expected the trial to be postponed and

that he should have been ready for trial. We further emphasized that the defendant, having secured the attendance of an expert witness for the trial, would have been required to incur additional expense at a future trial on the same charge. *Cheshier*, 41 Or App at 146-47.

In *Daniel*, the defendant was charged with public indecency, but, on the day of trial, the district attorney told the court that the complaining witness was not available to testify that day. The trial court granted the defendant's motion to dismiss with prejudice. We reversed, holding that the inability to secure the witness's attendance at trial was not within the district attorney's control and that the defendant offered no evidence that he would be prejudiced by a continuance or dismissal without prejudice. *Daniel*, 98 Or App at 698.

The foregoing cases identified, albeit not systematically, three factors that trial courts are to consider in exercising discretion under ORS 136.130: (1) Did the prosecutor's conduct constitute inexcusable neglect; (2) Would the defendant suffer actual prejudice due to the delay; and (3) Would the defendant's right to a speedy trial be compromised by the delay? *See Daniel*, 98 Or App at 698; *Love*, 38 Or App at 462-63; *Williams*, 17 Or App at 48-49.

Our prior decisions have not expressly discussed the appropriate relationship or interplay among those three factors. However, implicit in those decisions is a principle that we now make explicit: Although trial courts are to consider all three factors in determining whether to dismiss with prejudice under ORS 136.130, our formulation does not require that *each* of the factors must be satisfied; nor does it mean that any one of the factors, by itself, is *necessarily* sufficient. Rather, the analysis contemplates a "mix-and-match" or "sliding-scale" assessment, in which, depending on the strength of any given factor or combination of factors, dismissal with prejudice may be warranted. As long as the trial court's assessment of the factors is within the range that a reasonable judge might reach, there is no abuse of discretion.

Here, on the day before trial, the state moved to postpone because it had not subpoenaed a necessary witness. The

state's failure to subpoena that witness was an error caused by the deputy district attorney's misunderstanding of the law. He apparently mistook the criminalist's report of defendant's blood test as a self-authenticating document.[4] That was not a clerical mistake, nor was the state's error due to circumstances beyond its control. *See Williams*, 17 Or App at 48. The delay was the result of the deputy district attorney's neglect. *Accord Cheshier*, 41 Or App at 146-47. However, there is no showing that the error was intentional or calculated to disadvantage defendant by lengthening the pretrial delay, and, in all events, it was not egregious.

With respect to prejudice, defendant argues that he would suffer actual prejudice from a dismissal without prejudice because such a dismissal would permit the state to revive and add the previously dismissed charge of assault in the fourth degree to the refiled DUII case. *See* 154 Or App at 335. Defendant argues that the state could not have prosecuted defendant on the assault charge if the DUII charge had gone to trial as scheduled, and, therefore, he is prejudiced by having to defend against an additional charge.

Defendant's argument is misdirected. The relevant inquiry is whether defendant would suffer prejudice from a dismissal with prejudice that he would not suffer from a dismissal without prejudice. The answer is no. That is so because, regardless of whether the dismissal had been with or without prejudice, the state would not have been precluded from recharging defendant with the assault charge. Defendant was subject to revival of the assault charge in either event. *See, e.g., State v. Ibkheitan*, 115 Or App 415, 838 P2d 1091 (1992) (holding that, after a dismissal with prejudice was entered, ORS 136.130 did not bar the state from filing a charge for another crime arising out of the same criminal episode).

---

[4] It is unclear from the record what authority the deputy district attorney relied upon in concluding that the criminalist's report was self-authenticating. *See, e.g.,* ORS 475.235(3):

"In all prosecutions in which an analysis of a controlled substance or sample was conducted, a certified copy of the analytical report signed by * * * the criminalist conducting the analysis shall be accepted as prima facie evidence of the results of the analytical findings."

Defendant further argues that he would be prejudiced by a dismissal without prejudice due to the multiple and allegedly excessive delays from the date of the accident until the eventual trial on the DUII charge. Defendant points out that 16 months had passed from the date of the accident until defendant was issued a citation, and an additional five months had passed from citation to the original trial date.[5] Defendant also argues that, had the DUII charge been dismissed without prejudice, and the state been able to proceed with the refiled charges, the additional delay would have been excessive and prejudicial.

However, neither defendant nor the trial court identified the additional period of delay flowing from a dismissal without prejudice. Nor did defendant demonstrate any material additional detriment, such as incurring particular additional expenses or losing a witness due to the delay of trial. *Accord Cheshier*, 41 Or App at 146-47.[6]

Turning to the third *Daniels* element, the state argues that defendant's speedy trial rights would not be compromised by a dismissal without prejudice because he would retain the right to raise a speedy trial issue in any subsequent prosecution. Given the existence of a statutory speedy trial right, the significance of this element is unclear. In all events, no showing has been made on this record as to the length of the delay between the original trial date of September 24 and any potential subsequent trial date on refiled DUII charges. Thus, on this record, there is no showing of whether, or to what extent, defendant's right to a speedy trial may have been compromised.

---

[5] Defendant quotes and cites findings made by the trial court in deciding whether to dismiss with prejudice the MIP case against defendant. *See* 154 Or App at 335. In particular, defendant relies on the court's November 26, 1996, letter opinion in that separate matter. However, that case is not at issue on appeal and the ruling containing those findings is not a part of the record on appeal. Indeed, we denied defendant's motion to supplement the record in this appeal with that letter. Accordingly, defendant's reliance on that material is inappropriate and the following discussion does not consider it.

[6] In *Cheshier*, the court also noted that additional delay would perpetuate the stigma of an unresolved charge of rape in the first degree, a Class A felony. 41 Or App at 146-47. Here, defendant was charged with DUII, a Class A misdemeanor.

In sum, the record reveals inexcusable neglect, but not intentional behavior, by the deputy district attorney. However, the record discloses no evidence of actual prejudice resulting from the delay occasioned by that neglect. Given those circumstances, resort to the "drastic" remedy of dismissal with prejudice of a Class A misdemeanor was an abuse of discretion.

Reversed and remanded.