Argued and submitted November 19, 1999, reversed and remanded
January 5, 2000

STATE OF OREGON,
*Appellant,*

*v.*

MARK DAVID PARLIAMENT,
*Respondent.*

(970923C; CA A98046)

995 P2d 544

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

No appearance for respondent Mark David Parliament.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

DE MUNIZ, P. J.

## DE MUNIZ, P. J.

The state appeals from the trial court's dismissal of two counts of cutting special forest products without a permit, ORS 164.813, arguing that the trial court abused its discretion in dismissing the charges based on its implicit finding that the state was not ready to proceed to trial. For the reasons set forth below, we reverse and remand for further proceedings.

This case originally was appealed in conjunction with three other cases that were dismissed by the trial court at the same time and on the same grounds. Although the other cases have been disposed of separately, we must recount the procedural facts relevant to all four cases in order to determine whether the trial court abused its discretion in dismissing the present case, which was the last of the four cases.

On May 14, 1997, five cases were scheduled on the Jackson County District Court docket for 10:30 a.m. before a Jackson County circuit court judge who was sitting pro tem in district court. At "docket call" at 8:00 a.m. that morning, the attorneys indicated that the first of these cases, *State v. Clough*, was likely to go to trial. The court stated that if the *Clough* case settled, *State v. Simpson, State v. Craddick, State v. Parliament* and *State v. Thayer* would be called. The attorneys reported ready in all of those cases. At 10:30, the attorneys reported that the defendant in *State v. Clough* would plead guilty. The court called the next case, *State v. Simpson*, and the prosecutor present in the courtroom for *State v. Clough* indicated that the prosecutor for *State v. Simpson* was ready to go and that he had just called her to come over. He explained that she was not in the courtroom because he had been "pretty convinced" that *State v. Clough* was going to trial. The court stated:

> "I'm not accustomed to having District Court cases. If somebody came into any Circuit Court case and the D.A. was not here or would not be ready, I'd dismiss.
>
> "\* \* \* \* \*
>
> "I don't understand why she's not here. I don't know. Maybe the district judges are more lenient than I am. When

I set a trial for 9:30 [*sic* 10:30], I expect the attorneys to be here and go to trial, and if they are not, the case is dismissed; or if the other side isn't here, they get a warrant."

The court then dismissed *State v. Simpson* and called *State v. Craddick*, another case being handled by the same prosecutor. The court immediately dismissed that case, as well, because the prosecutor was not yet in the court room. The court then called *State v. Thayer*. The prosecutor present from the first case explained that *State v. Thayer* had been scheduled fifth, that the prosecutor was anxious to go to trial that day, and that he was probably waiting in his office for word on the first four cases. The court then dismissed that case and called *State v. Parliament*. By that point, the prosecutor assigned to handle the *Simpson*, *Craddick* and *Parliament* had arrived in the courtroom. She told the court:

"Your honor, I had three trials scheduled for today, and I thought that [*State v. Clough*] was going to go. This was the third case—the fourth case behind all the other cases, and I am ready to go, but I need some time to have the witness from Butte Falls to come. He told me it would take an hour and 15 minutes to get here.

"* * * * *

"It seemed pretty clear at the time—I was ready for *Simpson* and *Craddick* both. It seemed pretty clear this morning at docket call that this was not going to go if I did *Simpson* and *Craddick*. And I also was under the impression that, if this trial didn't go, that I would be called to come over for that trial, and I didn't have any idea that it's done this way in Circuit Court.

"In District Court, when there's—when we're a backup trial, they call over and say the next trial is on, and that's how we do backup trials, and I was waiting to find out if his trial was going."

The court then announced that it would not wait for the witness to arrive and dismissed *State v. Parliament sua sponte* pursuant to ORS 136.120. Under ORS 136.130, a dismissal pursuant to ORS 136.120 acts as "a bar to another action for the same offense" where the charge dismissed was

other than a felony or a Class A misdemeanor. Because cutting special forest products without a permit is a Class B misdemeanor, the court's dismissal barred further prosecution of defendant for the charged offenses.

The state appealed all four dismissals, and all but *State v. Parliament* have been dismissed or disposed of on other grounds. The sole question remaining on this appeal is whether, under the circumstances presented here, the trial court erred in dismissing *State v. Parliament* on the ground that the prosecutor was not ready to proceed.

ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

The question here is whether the prosecutor showed sufficient cause for postponing the trial. We note at the outset that most of the case law that touches on this issue concerns ORS 136.130 rather than ORS 136.120, because ORS 136.130 gives a court discretion to dismiss with or without prejudice if the charged offense is a Class A misdemeanor or a felony. The question that commonly arises in that context is whether the court abused its discretion in choosing to dismiss with prejudice rather than without prejudice under ORS 136.130. The question presented here differs because ORS 136.130 requires a court to dismiss with prejudice if it dismisses a Class B misdemeanor under ORS 136.120. However, the case law does provide some guidance as to what constitutes "sufficient cause for postponing the trial" under ORS 136.120.

Most recently, in *State v. Hewitt*, 162 Or App 47, 52, 985 P2d 884 (1999), this court noted that a trial court's decision to dismiss pursuant to ORS 136.120 and ORS 136.130 is reviewed for abuse of discretion, but went on to state:

"In the context of a dismissal *with prejudice*, a trial court's discretion is circumscribed by the recognition that '[t]he

power to bar prosecution, with all its attendant public consequences, is a drastic one to be exercised only in exceptional circumstances.' *State v. Williams*, 17 Or App 43, 48, 520 P2d 462 (1974). In reviewing the trial court's refusal to grant a postponement and its decision to dismiss the case, we consider the reasons for seeking the postponement and the magnitude of the interests at stake. *See, e.g., State v. Hickey*, 79 Or App 200, 202-03, 717 P2d 1287 (1986) (abuse of discretion to deny defendant a continuance where effect of doing so was to deprive defendant of right to counsel). We also consider whether the dismissal conforms with the spirit of the statute and its goal of serving the public interest."

Similarly, in *State v. Gunder*, 154 Or App 332, 339, 964 P2d 265 (1998), this court identified three factors to be considered in determining whether a trial court properly exercised its discretion under ORS 136.130:

"(1) Did the prosecutor's conduct constitute inexcusable neglect; (2) Would the defendant suffer actual prejudice due to the delay; and (3) Would the defendant's right to a speedy trial be compromised by the delay?" (Citations omitted.)

*See also State v. Daniel*, 98 Or App 695, 697, 780 P2d 784, *rev den* 308 Or 660 (1989) ("There must be a substantial reason for barring further prosecution.").

We conclude that the same considerations discussed in *Hewitt*, *Gunder* and *Daniel* bear on a decision to dismiss pursuant to ORS 136.120, even when the court's discretion under ORS 136.130 to dismiss with or without prejudice is not at issue. The "reasons for seeking the postponement," *Hewitt*, 162 Or App at 52, and whether "the prosecutor's conduct constitute[d] inexcusable neglect," *Gunder*, 154 Or App at 339, bear on the question of whether the prosecutor has shown "any sufficient cause for postponing the trial." ORS 136.120. Similarly, the "magnitude of the interests at stake," *Hewitt*, 162 Or App at 52, and whether the defendant would suffer actual prejudice or whether the defendant's right to a speedy trial would be compromised, *Gunder*, 154 Or App at 339, bear on whether "the public interests require the accusatory instrument to be retained for trial." ORS 136.120.

■　　　With those criteria in mind, we turn to the issue at hand. As to the "magnitude of the interests at stake," defendant was cited for cutting special forest products without a permit and was released on his own recognizance. This offense involves the harvesting or removal of products, including ferns, bark, mushrooms, evergreen foliage, cedar salvage, etc., from land without the written permission of the owner of the land. ORS 164.813. No argument is made in the present case that this is an offense of great magnitude. On the other hand, there is no doubt that defendant's case would not have been prejudiced and his right to a speedy trial would not have been jeopardized had the court allowed the state a continuance of less than two hours, as requested.[1]

As to whether the prosecutor showed sufficient cause for the very brief postponement of the trial that she requested, that question cannot be addressed without reference to the three cases that the trial court summarily dismissed before it called *State v. Parliament*. As noted above, the reason the prosecutor in the *Parliament* case did not have her witness ready to go at the time the case was called was that she had fully intended to try two cases that were scheduled earlier than *Parliament*. The only reason she was not able to try those cases was that the court dismissed them in the few minutes it took for the prosecutor to come from her nearby office to the courtroom. The prosecutors present in the courtroom represented to the court that it was the practice of the district court to call the prosecutors over from their nearby office if a case that was on "standby" was going to be called for trial. Those assertions were not rebutted in any way on the record. The trial judge, sitting pro tem in the district court, chose to ignore this local practice and to require all of the attorneys to be present in the courtroom. Although it certainly was within the court's power to do that, the question remains whether the prosecutor showed "any good cause" for a brief postponement of the trial to procure a witness, given that she had no way of knowing that the trial

---

[1] Defendant made no argument in the trial court concerning prejudice. In fact, defendant did not move for dismissal of the case and made no argument in support of the dismissal, either in the trial court or on appeal.

court would ignore the local practice of permitting the prosecutors several minutes to reach the courtroom when their cases on "standby" were to be called.

We do not believe that the prosecutor's failure to predict an unexpected change in procedures in the district court shows any sort of "inexcusable neglect" on her part. It was only because of the unexpected dismissal of the prosecutor's earlier cases that the *Parliament* case was called for trial when it was. In both *Daniel* and *Williams*, this court held that a trial court abused its discretion in dismissing where the prosecution, through no fault of its own, was unable to go to trial as expected because a witness could not be located. 98 Or App at 698; 17 Or App at 49. Similarly here, we do not attribute the witness's absence to prosecutorial neglect. The prosecutor made her best assessment of when the witness would be needed but was stymied by the court's sudden change in procedure. Under the circumstances, we conclude that the prosecutor showed "sufficient cause" for the brief postponement of the trial that she requested. The trial court abused its discretion in dismissing the indictment pursuant to ORS 136.120 and ORS 136.130.

Reversed and remanded.