Argued and submitted May 2, order of dismissal with prejudice reversed; remanded with instructions June 7, 2000

**STATE OF OREGON,**
*Appellant,*

*v.*

**COLBY J. HILLIGOSS,**
*Respondent.*

(B685278; CA A106852)

7 P3d 583

Christina M. Hutchins, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Robert G. Thuemmel argued the cause for respondent. With him on the brief was Thuemmel & Uhle.

Before Haselton, Presiding Judge, and Linder and Kistler, Judges.

HASELTON, P. J.

## HASELTON, P. J.

■    The state appeals from the trial court's pretrial order dismissing with prejudice a charge of driving under the influence of intoxicants (DUII). ORS 136.120; ORS 136.130.[1] The dismissal was entered after the court denied the state's motion for either a postponement of trial because of the unavailability of an essential witness or dismissal without prejudice pursuant to ORS 136.120. We conclude that the court abused its discretion in entering the dismissal with prejudice. Accordingly, we reverse and remand.[2]

The material circumstances pertaining to the order of dismissal are undisputed. Defendant was arrested on November 18, 1998, for DUII and arraigned on December 11, 1998. Thereafter, the trial date was reset five times—three times at the state's request and twice at defendant's request—all without objection. After the fifth continuance, the trial was set for a "date certain"[3] of May 19, 1999.

On the morning of May 19, the date set for trial, the state requested that the court either set the case over or dismiss the case without prejudice because a police officer, whom the prosecutor described as a "critical witness," had "called in this morning injured." Defense counsel, while not

---

[1] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

ORS 136.130 provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

[2] The trial court did not enter a judgment of acquittal pursuant to ORS 136.130. Accordingly, the order of dismissal with prejudice is appealable. *See State v. Gunder,* 154 Or App 332, 336-37, 964 P2d 265 (1998); *State v. Freeman,* 127 Or App 640, 873 P2d 1107 (1994).

[3] The record does not describe the general nature or requisites of a "date certain" setting in Multnomah County Court, much less why this case was given such a setting.

disputing the prosecutor's characterization of the putative witness, moved for dismissal with prejudice. The following colloquy ensued:

> "[DEFENSE COUNSEL]: * * * [I]t's my understanding from reviewing the history of this case—it's a November '98 arrest—the state has had three setovers and I believe this was a date certain trial date on their behalf. That's what [the prosecutor] candidly told me.
>
> "The injury with the police officer—I'll let [the prosecutor] explain this—it's not like a recent injury but it's like a chronic ankle problem that is going to require surgery.
>
> "Apparently it got worse within the last two days, it now requires some surgery, and I believe the state is unable to assure us of a future availability date because of this.
>
> "I'll let him expand on that a little bit, but it sounds like we may be in for a period of unavailability for this witness, so that's why I move to dismiss with prejudice.
>
> "* * * * *
>
> "[PROSECUTOR]: If [the court is] considering to dismiss with prejudice, I would—I have case law on point for this type of situation where that is too egregious of a remedy for this fact pattern.
>
> "There are cases on point where critical witnesses weren't available on [the] day of trial and where the trial court dismissed with prejudice and that's, therefore, overruled by the Court of Appeals.
>
> "What the defense needs to show is some prejudice, and what I think here that probably in all fairness is the proper decision to make is to dismiss this case and then the burden is on the state that we have to refile and then we have to refile knowing that we're going to get that witness and then we start setting dates.
>
> "I do have the home telephone number of that officer. I brought that to court this morning. I had a conversation with him this morning, and if the Court is so inclined, to inquire as far as the nature of his injury and it will confirm that he's unable to walk and he can't come to court today and he's most likely going to have surgery. We do not know what that course of treatment is going to be after surgery.

"For that reason, in all fairness, I cannot say when we'll be ready. We cannot go to trial without that witness, and [defense counsel's]—

"[THE COURT]:   Did you say this is the third trial setting?

"[PROSECUTOR]:   No. Well, as far as trial settings, we've had many trial settings. The state's had three setovers on pretrial conferences. We've asked for three setovers and we've been granted—

"[DEFENSE COUNSEL]:   I've not opposed any of those.

"[PROSECUTOR]:   That's correct, and the defense has received two setovers on pretrial conference, so altogether there's probably been six trial settings for this case, five which were postponed until today. Today is a date certain for the state, and even with that, Your Honor, it doesn't rise to the level where the remedy is dismissal with prejudice.

"[THE COURT]:   Is this a date certain? You were to go today irrespective of circumstances?

"[DEFENSE COUNSEL]:   I'm relying upon the candor of [the prosecutor] in reviewing his file note in saying so. I believe the answer to that is—

"[THE COURT]:   Dismissed with prejudice.

"[PROSECUTOR]:   Your Honor, before we get to that * * * I would like for you to review the cases before you make that decision, that the defense needs to show that they're prejudiced before they get a dismissal with prejudice.

"[THE COURT]:   Appeal me. I have ruled."

The state appeals, arguing that, under the analysis most recently announced in *State v. Gunder*, 154 Or App 332, 964 P2d 265 (1998), and *State v. Parliament*, 164 Or App 707, 995 P2d 544 (2000), the trial court abused its discretion in ordering a dismissal with prejudice. We agree.

*Gunder* synthesizes the analysis:

"The [case law has] identified, albeit not systematically, three factors that trial courts are to consider in exercising discretion under ORS 136.130: (1) Did the prosecutor's conduct constitute inexcusable neglect; (2) Would the defendant suffer actual prejudice due to the delay; and (3) Would

the defendant's right to a speedy trial be compromised by the delay?

"Our prior decisions have not expressly discussed the appropriate relationship or interplay among those three factors. However, implicit in those decisions is a principle that we now make explicit: Although trial courts are to consider all three factors in determining whether to dismiss with prejudice under ORS 136.130, our formulation does not require that *each* of the factors must be satisfied; nor does it mean that any one of the factors, by itself, is *necessarily* sufficient. Rather, the analysis contemplates a 'mix-and-match' or 'sliding-scale' assessment, in which, depending on the strength of any given factor or combination of factors, dismissal with prejudice may be warranted. As long as the trial court's assessment of the factors is within the range that a reasonable judge might reach, there is no abuse of discretion." 154 Or App at 339 (emphasis in original; citations omitted).

*See also Parliament*, 164 Or App at 711-12 (describing analysis).

■　　　Here, we need not engage in the sort of "mix-and-match" or "sliding-scale" assessment contemplated in *Gunder*, because *none* of the *Gunder* factors favoring dismissal with prejudice is present in this case. First, there is no showing in this record of "inexcusable neglect" by the prosecutor. Rather, the prosecutor's uncontroverted representation was that the officer had "called in this morning injured" and defense counsel acknowledged that the officer's condition "apparently got worse within the last two days." Thus, there is no implication that the prosecutor knew, or reasonably should have known, that the state would be unable to proceed until very shortly before trial. *See, e.g., Gunder*, 154 Or App at 339-40 (reversing dismissal with prejudice where the prosecutor had not subpoenaed a necessary witness and that failure "was an error caused by the [prosecutor's] misunderstanding of the law": Although the delay "was the result of the [prosecutor's] neglect[,] * * * [t]here is no showing that the error was intentional or calculated to disadvantage defendant by lengthening the pretrial delay, and, in all events, it was not egregious."); *State v. Daniel*, 98 Or App 695, 698, 780 P2d 784, *rev den* 308 Or 660 (1989) (reversing dismissal with prejudice where, *inter alia*, the ability to

secure the complaining witness's attendance at trial was not within the district attorney's control).

Second, there was no showing that defendant would suffer actual prejudice due to a continuance or a dismissal without prejudice. In particular, defendant did not "demonstrate any material additional detriment, such as incurring particular additional expenses or losing a witness due to the delay of trial." *Gunder*, 154 Or App at 341. *See also Daniel*, 98 Or App at 698 (reversing dismissal with prejudice where defendant offered no evidence that he would be prejudiced by continuance or dismissal without prejudice).[4]

Finally, there is no indication in this record that defendant's right to speedy trial would be compromised by the delay. Approximately six months had passed from the date of defendant's arraignment to the May 19 trial date. Moreover, as in *Gunder*, "no showing has been made on this record as to the length of the delay between the [trial date] * * * and any potential subsequent trial date on refiled DUII charges." *Gunder*, 154 Or App at 341.

In sum, none of the *Gunder* factors favors a dismissal with prejudice. As defendant acknowledges, there is a "line of precedent that seems to stand in his way of prevailing in this appeal." Nevertheless, defendant proposes that we "graft" a fourth criterion onto the three *Gunder* factors—*viz.*, "Does the state's inability to proceed represent a substantial disregard of prior court direction that it do so?" That is, defendant argues that because the final trial setting was a "date certain," that factor should militate decisively in favor of affirming the trial court's exercise of discretion. Specifically, defendant urges us to "lower the bar" of our precedents "so that the trial court retains some authority to control the proceedings that are brought before it."

We are not unmindful of, or unsympathetic to, the concerns that defendant identifies. Nevertheless, we need not decide whether defendant's proposed "fourth factor" is appropriately incorporated into our analysis because it is not

---

[1] Defendant candidly acknowledges that he "cannot argue that he was prejudiced by the dismissal, other than in ways that are more humanly than they are legally cognizable, according to the case law."

decisive where, as here, there has been neither inexcusable neglect by the state nor actual prejudice to defendant. In such circumstances, a trial court's interest in regulating its own docket cannot override the compelling public interest in the enforcement of the criminal law. *See, e.g., State v. Hadsell*, 129 Or App 171, 174-75, 878 P2d 444, *rev den* 320 Or 271 (1994) ("[D]ismissal under the statute is reserved for severe situations because the dismissal of a charging instrument frustrates the public interest in having the prosecution of crimes occur in order to promote the protection of the public and the rehabilitation of offenders."); *State v. Bethune*, 51 Or App 271, 273, 624 P2d 1113 (1981) ("[D]ismissal is a drastic remedy to be reserved for severe situations. Dismissal frustrates the public's interest in the orderly administration of criminal justice."); *State v. Williams*, 17 Or App 43, 48, 520 P2d 462 (1974) ("The power to bar prosecution, with all its attendant public consequences, is a drastic one to be exercised only in exceptional circumstances."). The trial court abused its discretion in dismissing the DUII charge with prejudice.

Order of dismissal with prejudice reversed; remanded for entry of order of dismissal without prejudice.