Argued and submitted December 23, 1999, reversed and remanded July 11, 2001

# STATE OF OREGON,
*Appellant,*

*v.*

# COLLEEN SANDBACH,
*Respondent.*

98CR1003FE; A104421

27 P3d 1107

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Andy Simrin, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

The state appeals from an order that dismissed with prejudice a 27-count indictment against defendant. The trial court entered the order because the state was not prepared to try the case on the scheduled trial date. We review the order for an abuse of discretion and reverse.

The indictment charged defendant with unlawfully obtaining Schedule III narcotics from the dentist for whom she worked, with delivering those drugs to others, and with tampering with drug records. ORS 475.992; ORS 167.212. The case and an unrelated criminal case involving defendant and her husband were Douglas County cases, but they were assigned to a Coos County judge for trial. A Douglas County attorney represented defendant in both cases, and an assistant attorney general from Portland, appearing specially as a Douglas County prosecutor, represented the state.

The court set the trial date for the unrelated case for September 29, 1998, and the trial date for this case for October 20, 1998. Defendant entered a no contest plea in the unrelated case on the scheduled trial date for that case. Although both the court and the prosecutor were initially reluctant to accept a no contest plea or to accept a plea on the trial date, they agreed to that disposition after being assured that it was consistent with local Douglas County practice. The court ordered an expedited presentence investigation in the case. In the course of that investigation, defendant asserted that she was innocent of the charges for which she had been convicted on her no contest plea.

After the plea hearing on the unrelated case, the parties continued their plea negotiations in this case. Those negotiations led to an agreement by defendant to plead no contest to the charges. Defense counsel set a plea hearing for the case for Friday, October 16, and notified the court of the hearing. The court responded by advising defense counsel that it would not accept a no contest plea from defendant. The court also said that, due to its Coos County commitments, it could not attend the scheduled plea hearing. The court tentatively set a new plea hearing for Monday, October 19, one day before the scheduled trial date. However, it advised

defense counsel that "if [defendant] does not wish to plead guilty and admit her conduct she needs to have a trial. Do not schedule a plea hearing for a no contest plea."

Defense counsel subsequently called the prosecutor in Portland on Friday, October 16, to tell her that, in light of the court's directive, his client had agreed to plead guilty rather than no contest to the charges. He proceeded to confirm with the trial court the plea hearing for the following Monday. As a result of defendant's agreement to plead guilty, both the state and defendant released the witnesses whom they had subpoenaed for trial.

Over the ensuing weekend, defendant, acting on her own and without her attorney's knowledge, wrote letters in which she complained about the court's refusal to accept a no contest plea and other alleged injustices. She sent the letters to the Commission on Judicial Fitness, the Oregon State Bar, and various public officials. The letters asserted that the trial judge was biased against defendant, that defense counsel had been given inadequate time to investigate the case, and that the state had provided untimely discovery to defendant. She requested recusal of the trial judge, a continuance of the trial date, and a change of venue.

When defense counsel learned on Monday morning of his client's actions, he spoke with the prosecutor about them. In response to the events, the prosecutor and defense counsel agreed to make a joint request for a continuance of the trial date, because neither of them could try the case the next day. Defense counsel sent to the court by facsimile transmission the agreed-upon continuance motion and an affidavit that described the events that had led to it. The trial court denied the motion. It also had an assistant call the prosecutor at home on Monday afternoon to tell her to be ready for trial on Tuesday. The assistant did not, however, tell the prosecutor that the court had denied the motion for a continuance.

The prosecutor and defense counsel appeared in court the next day, as scheduled. At that time, the prosecutor made a renewed motion for a continuance. She acknowledged that she had erred in releasing her witnesses the prior Friday, but she asserted that her conduct was excusable

because, in light of defendant's agreement to plead guilty and defendant's fulfillment of her earlier plea agreement, the prosecutor reasonably assumed that defendant would plead guilty on Monday, making it unnecessary to try the case on Tuesday. She also explained that the statute of limitations had run on the charges, so a dismissal would prevent the state from prosecuting defendant on them. In response to a question from the court, defense counsel said that he too was not prepared to try the case, because he had also released his witnesses on Friday in reliance on his client's agreement to plead guilty.

The court denied the renewed motion for a continuance and said that it would dismiss the case with prejudice under ORS 136.120 and ORS 136.130 because the prosecutor was not prepared to try the case on the scheduled trial date and had not shown sufficient cause to postpone the trial.[1] It explained that the prosecutor had "essentially disregarded the trial date" by releasing her witnesses the Friday before the scheduled Tuesday trial. It believed that she had acted unreasonably in doing that because defendant's conduct in the earlier case made it unlikely that defendant would, in fact, plead guilty to the charges in the later case and because the prosecutor could have waited to release her witnesses until after defendant had entered her plea, which is what the prosecutor had done in the earlier case.

■■ There are two basic factors that a trial court must consider in deciding whether to dismiss a criminal charge with prejudice when the state is not ready to try the charge

---

[1] ORS 136.120 provides:

"If, when [a] case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

ORS 136.130 provides that a dismissal of felony or Class A misdemeanor charges under ORS 136.120 does not bar a new action on the charges "unless the court so directs." The charges involved in this case were all felony charges. *See* ORS 475.992; ORS 167.212. However, because the statute of limitation had run on the charges, the state could not refile them if they were dismissed. Consequently, dismissal of the charges under ORS 136.120 effectively was a dismissal with prejudice without regard to the court's decision under ORS 136.130 to direct it to be a dismissal with prejudice.

on the scheduled trial date: the reasons that the state is unable to try the charge and the effect that the court's dismissal decision will have on the defendant and the public. We consider the same factors in evaluating whether a trial court abused its discretion in making the decision that it did. *See, e.g., State v. Parliament*, 164 Or App 707, 711-12, 995 P2d 544 (2000).

■        For purposes of our review, we assume without deciding that the trial court correctly found that the prosecutor acted unreasonably by releasing her trial witnesses before the court had accepted a guilty plea from defendant to the charges. Nevertheless, we conclude that the trial court abused its discretion in ordering dismissal of the charges.

There is no suggestion that defendant would suffer any prejudice from a postponement of the trial. Further, defendant's right to a speedy trial would not be affected, because she had joined in the continuance motion and was unprepared to try the case. Consequently, defendant would suffer no cognizable harm from a postponement of the trial.

■        In contrast, the public has a significant interest in having the felony drug charges at issue in this case decided on their merits. A decision to frustrate that interest " 'is a drastic one to be exercised only in exceptional circumstances.' " *Id.* at 712 (quoting *State v. Williams*, 17 Or App 43, 48, 520 P2d 462 (1974)). We do not believe that the prosecutor's mistake was sufficiently egregious or consequential to permit a court to conclude that it outweighed the substantial public interest in resolving the charges on their merits. Consequently, we conclude that the court abused its discretion in deciding that dismissal of the charges was in the public interest.

Reversed and remanded.