Submitted June 6, reversed and remanded December 3, 2008

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## RICHARD STEVEN WINNOP,
*Defendant-Respondent.*

Deschutes County Circuit Court
MI051392, MI052122; A134169

197 P3d 588

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for appellant.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

The state appeals the trial court's order dismissing with prejudice two informations charging defendant with three counts of fourth-degree assault and one count of harassment. The trial court denied the state's motion for a one-hour delay in the commencement of trial and concluded that the state was unprepared to proceed at the scheduled time set for trial. It dismissed the case under ORS 136.120 and ORS 136.130. We review the order for abuse of discretion, *State v. Dupree*, 164 Or App 413 (1999), *rev den*, 330 Or 361 (2000), and reverse.

We begin with the relevant procedural facts. This is a domestic violence case. Defendant was charged by information on June 6 and September 23, 2005, with three counts of fourth-degree assault, ORS 163.160, and one count of harassment, ORS 163.065(1), for causing physical injuries and offensive physical contacts to a single victim. Trial was scheduled for February 7, 2006, but was postponed because defendant failed to appear. A new trial date was set for May 2, 2006. On April 13, 2006, the state moved to postpone the trial due to the unavailability of a key witness; defendant did not object, and the trial court granted the continuance. The trial was reset for August 3, 2006; however, for reasons not reflected in the record, the trial date was set over to November 7, 2006.

At the trial readiness hearing on November 3, 2006, the prosecutor said that the state was ready for trial and that she had sent the victim's subpoena "via overnight certified mail" to an address in the state of Washington. But the victim did not appear on the morning set for trial. The prosecutor told the court that she had spoken with the victim that morning and discovered that the victim was in Madras, about 40 miles from the courthouse. The prosecutor told the court that "because of our difficulties with her I am reluctant to start until I know I can send one of my officers over and that they actually can pick her up and bring her here."

After unsuccessfully attempting to reach the victim by telephone, the state moved for a one-hour continuance. That delay was sought to allow an officer time to bring the

victim to the courtroom to testify at the appropriate time. The state alternatively moved for another setover of the trial date.[1] The state reiterated that it was not in a position to move forward until the victim was located. On finding that the victim had not been successfully located and subpoenaed, the trial court refused to grant the state's motion and dismissed the case with prejudice, concluding that the state did not show sufficient cause for postponing the trial.

On appeal, the state argues that the trial court erred because it failed to grant its motion for a continuance and subsequently dismissed the charges against defendant with prejudice under ORS 136.120 and ORS 136.130. Defendant did not appear in the appeal.

■    ORS 136.120 confers discretion on a trial court to dismiss an accusatory instrument:

> "If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

ORS 136.130 provides that a dismissal under ORS 136.120 does not have the effect of barring further prosecution if the instrument charges a felony or a Class A misdemeanor "unless the court so directs." Under ORS 136.130, the dismissal of an offense other than a felony or Class A misdemeanor is "a bar to another action for the same offense." Thus, the effect of the dismissal of the charges against defendant for fourth-degree assault "with prejudice" and the dismissal of the harassment charge was to prevent any refiling of those charges.[2]

■■    Although we review a dismissal of a case under ORS 136.120 and ORS 136.130 for abuse of discretion,

---

[1] The state requested, in the alternative, that the court dismiss the case without prejudice. The trial court refused to do so because that "is in an effect a[ ] continuance."

[2] The fourth-degree assault charges against defendant were Class A misdemeanors, ORS 163.160(2); the harassment charge was a Class B misdemeanor, ORS 166.065(3).

"[i]n the context of a dismissal *with prejudice*, a trial court's discretion is circumscribed by the recognition that '[t]he power to bar prosecution, with all its attendant public consequences, is a drastic one to be exercised only in exceptional circumstances. *State v. Williams*, 17 Or App 43, 48, 520, P2d 462 (1974)."

*State v. Hewitt*, 162 Or App 47, 52, 985 P2d 884 (1999) (emphasis in original). Therefore, the question here is whether application of the criteria in ORS 136.120 reveals "exceptional circumstances" sufficient to justify the extraordinary remedy of dismissal of the charges. We earlier described this standard in *State v. Daniel*, 98 Or App 695, 697, 780 P2d 784, *rev den*, 308 Or 660 (1989), as requiring "a substantial reason for barring further prosecution."

In *State v. Parliament*, 164 Or App 707, 995 P2d 544 (2000), we interpreted the criteria stated in ORS 136.120 and ORS 136.130, in light of the principles enunciated in *Hewitt*, *Daniel*, and *State v. Gunder*, 154 Or App 332, 964 P2d 265 (1998). The application of both statutes is interrelated. We concluded that "the same considerations discussed in *Hewitt*, *Gunder*, and *Daniel* bear on a decision to dismiss pursuant to ORS 136.120, even when the court's discretion under ORS 136.130 to dismiss with or without prejudice is not an issue." *Parliament*, 164 Or App at 712.

■■ The *Parliament* court then refined the ORS 136.120 criteria into discrete tests. The first criterion, whether there is "sufficient cause for postponement of the trial," is determined by considering the "reasons for seeking the postponement" and whether "the prosecutor's conduct constitute[d] inexcusable neglect." *Id.* The second criterion, whether "the public interests require the accusatory instrument to be retained for trial" is assessed in light of the "magnitude of the interests at stake" and "whether the defendant would suffer actual prejudice or whether defendant's right to a speedy trial would be compromised." *Id.* Applying those criteria in this case, we conclude that the trial court abused its discretion in failing to grant the motion for continuance and in dismissing the case with prejudice.

First, the state's reason for seeking the postponement was legitimate. The state sought postponement in

order to obtain the testimony of the victim, its key witness. Without that witness, the state would not be able to prove the elements of the crime charged. The postponement was not sought for any tactical disadvantage to the defense or to remedy a lack of trial preparation by the prosecution. The delay was requested to secure evidence important to the case. *See State v. Sondenna*, 222 Or App 506, 510-11, 194 P3d 817 (2008) (absence of key witness who had been subpoenaed as justification for postponement under ORS 136.120).

Second, the prosecutor's conduct did not constitute inexcusable neglect. Before the commencement of trial, she made efforts to locate the witness but was unsuccessful.[3] The prosecutor obtained information about the victim's whereabouts, spoke to the victim during the morning of the trial, and made arrangements to bring the witness to the courtroom. Those efforts were not negligent, much less deficient in providing excuse.

The location of key witnesses, especially the victim in domestic violence cases, is of critical concern for the prosecution. We have consistently held that "a trial court abused its discretion in dismissing where the prosecution, through no fault of its own, was unable to go to trial as expected because a witness could not be located." *Parliament*, 164 Or App at 714; *see also Daniel*, 98 Or App at 698 (reversing trial court's dismissal where the district attorney told the court, on the day of trial that the complaining witness was unavailable because the inability to secure the witness' attendance was not within the district attorney's control)); *Williams*, 17 Or App at 48 (reversing the trial court's dismissal where the alleged victim could not be located and noting, however, that "[h]ere, the prosecution's inability to locate its main witness is not a problem of its own making, although it probably

---

[3] According to the prosecution, the state had successfully subpoenaed the victim on three prior occasions for previous trial dates. But the victim had moved, and the state was unsuccessful in subpoenaing her at her most current address. During the trial call, the prosecutor represented to the trial court that the state had sent a subpoena to the address of the parents of the victim, had called phone numbers provided by the victim's probation officer, and had spoken with the victim's boyfriend. Moreover, the victim had confirmed to her advocate that she intended to be present at the trial.

should have acted more diligently"). Thus, the prosecutor showed "sufficient cause" for postponement of the trial.

In this case, "the public interests require[d] the accusatory instrument to be retained for trial." ORS 136.120. Defendant was charged with three counts of assault and one count of harassment. The trial court acknowledged:

> "So as far as the seriousness of the cases are concerned, oh, you might say that they are among the most serious that appear in misdemeanor court. So for that reason and in the State's favor why, you know, probably they shouldn't be dismissed."

We agree. The magnitude of the interests at stake here weighs in favor of the state.

The remaining factor requires assessment of actual prejudice to defendant by the requested continuance, including whether defendant's speedy trial rights would be compromised. A one-hour delay in the commencement of trial is not prejudicial or significant in the calculation of speedy trial delays. As to any longer delay, defendant asserted to the trial court that "to not either have the case go forward today or be dismissed with prejudice" is "very prejudicial." Defendant failed to explain why that would be the case, and the record does not supply any implication of prejudice or ready conclusion about any impairment of defendant's speedy trial rights under ORS 135.747 or Article I, section 10, of the Oregon Constitution.

Under the circumstances, we conclude that the prosecutor showed both sufficient cause for the requested brief postponement of trial and a public interest in retaining the case for prosecution. In the absence of exceptional circumstances requiring contrary conclusions, the trial court abused its discretion in dismissing the informations under ORS 136.120 and ORS 136.130.

Reversed and remanded.