Argued and submitted December 22, 2009, reversed and remanded
August 18, 2010

## STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

## ERNESTO ALEXANDER ROMERO,
*Defendant-Respondent.*

Multnomah County Circuit Court
C071035179; A137858

237 P3d 887

David B. Thompson, Senior Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Ryan T. O'Connor, Deputy Public Defender, argued the cause for respondent. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Sercombe, Judge.*

BREWER, C. J.

---

* Brewer, C. J., *vice* Edmonds, P. J.

## BREWER, C. J.

The state appeals from a judgment dismissing with prejudice this prosecution for possession of methamphetamine, ORS 475.894(1). ORS 136.120; ORS 136.130. The dispositive issue is whether the court had authority to dismiss this case as a sanction for the state's lack of readiness to proceed to trial against defendant in a different case because the attendance of one of its witnesses in that case was not procured. Because the trial court lacked authority to dismiss this case for that reason, we reverse and remand.

While this case was pending before the trial court, defendant was the subject of another criminal prosecution in the same trial court involving several theft-related charges (the theft case). The theft case was set for trial on December 12, 2007. On that day, the state moved to postpone the trial because it had learned that one of its witnesses, a police officer who recently had moved to another state, was unavailable. The court deferred its consideration of the motion until the next day, because it wanted to determine whether the witness was able and willing to return to Oregon to testify on a later date. At the hearing on December 13, the state advised the court that the witness was willing to return to Oregon to testify and asked that the case be continued. Defendant sought dismissal of the theft case without prejudice on the grounds that the state had failed to act diligently to procure the attendance of the witness, and any further delay would prejudice defendant and his own witnesses. The state asked the court not to dismiss the theft case, because dismissal would punish the victim, defendant had previously obtained trial setovers in the case, and the state would simply reprosecute defendant if the case were dismissed without prejudice. The court granted the motion to postpone but, as a sanction for the state's lack of readiness to proceed in the theft case, the court dismissed this case with prejudice.

The court explained:

"I think there needs to be some sort of an equitable remedy here, because I think this—it is an unusual set of circumstances. This doesn't fit the normal model. And I do think the defense is entitled to a remedy, but one that is consistent with the nature of the problems in this case.

"And this is what I'm going to do. I'm going to grant the State setover, over the defense objection. However, I'm going to dismiss, as a sanction for what I think is an error on * * * the State's part, [the instant case]. That case is going to be dismissed."

The following colloquy ensued:

"[THE PROSECUTOR]:   Well, Judge, since that's not something I ever anticipated and wasn't part of the defense argument, so I didn't—

"THE COURT:   Right. The alternative is to dismiss [the theft case], which was one of the things I was considering. And I'm instead taking into account that one has a victim named with circumstances and they're special, and the other does not.

"[THE PROSECUTOR]:   But, Judge, there's no reason to dismiss [the instant case].

"THE COURT:   Except as a lesser, in my view, remedy for—that is more appropriate under the circumstances, taking into account there's a victim in [the theft case]. Otherwise, I would dismiss this one. So if you disagree, we'll switch it.

"[THE PROSECUTOR]:   No. Obviously, I don't want that, Judge, but—

"THE COURT:   I appreciate, you don't see the logic.

"[THE PROSECUTOR]:   I don't see the logic or even the legal authority.

"THE COURT:   It's a condition of doing something less than—you don't have to accept it. But then the alternative is the other. So—

"[THE PROSECUTOR]:   Judge, I'm just a lawyer.

"THE COURT:   Right.

"[THE PROSECUTOR]:   You're the judge, obviously.

"THE COURT:   So I'm going to go ahead and implement that ruling.

"[THE PROSECUTOR]:   And that's dismissed without prejudice; is that correct?

"THE COURT:  No. It's a sanction. It's dismissed with prejudice."

Although this case had not been called for trial, the court then entered a judgment dismissing this case with prejudice. On appeal, the state asserts that the trial court lacked a lawful basis for its action. We agree.

■        Dismissal based on the state's lack of readiness for trial in a criminal case is governed by ORS 136.120, which provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

ORS 136.130 addresses the effect of a dismissal under ORS 136.120. *State v. Sondenna*, 222 Or 506, 509 n 3, 194 P3d 817 (2008). ORS 136.130 provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

In a felony case, dismissal of an accusatory instrument with prejudice under ORS 136.120 and ORS 136.130 is authorized only after the court has considered and weighed three criteria. The first criterion, whether there is "sufficient cause for postponement of the trial," is determined by considering the "reasons for seeking the postponement" and whether "the prosecutor's conduct constitute[d] inexcusable neglect." *State v. Parliament*, 164 Or App 707, 712, 995 P2d 544 (2000). The second criterion, whether "the public interests require the accusatory instrument to be retained for trial" is assessed in light of the "magnitude of the interests at stake." *Id*. The third criterion concerns "whether the defendant would suffer

actual prejudice or whether the defendant's right to a speedy trial would be compromised." *Id.*

■■ For three reasons, we conclude that the trial court erred in dismissing this case with prejudice based on the state's conduct in the theft case. First, this case had not been "called for trial" when the trial court entered the judgment dismissing it. Thus, a statutory prerequisite for the exercise of the court's authority to dismiss this case under ORS 136.120 had not been satisfied. Second, and moreover, none of the factual predicates for a dismissal of this case *with prejudice* was shown on the record. *Parliament*, 164 Or App at 712. Finally, defendant posits no authority for the proposition that, based on the state's conduct in another case, the trial court had discretionary or equitable authority to dismiss this case in the absence of a statutory basis for dismissal, and we are aware of no such authority.[1] Accordingly, we reverse and remand.

Reversed and remanded.

---

[1] We summarily reject defendant's assertion that the state invited the court's error by "electing" the dismissal of this case rather than the theft case. The record set out above shows that the state objected to the dismissal of both cases.