Argued and submitted January 10, order of dismissal with prejudice and
judgment of acquittal reversed October 1, 2008

STATE OF OREGON,
*Plaintiff-Appellant,*

*v.*

EDWIN LEROY SONDENNA,
*Defendant-Respondent.*

Lincoln County Circuit Court
060601; A133119

194 P3d 817

Susan G. Howe, Senior Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Alan D. Reynoldson argued the cause and filed the brief for respondent.

Before Wollheim, Presiding Judge, and Sercombe, Judge, and Riggs, Senior Judge.

SERCOMBE, J.

**SERCOMBE, J.**

The state appeals from a pretrial order entered pursuant to ORS 136.120 denying its motion for a postponement of trial and dismissing with prejudice an indictment charging defendant with menacing, ORS 163.190 (a Class A misdemeanor); pointing a firearm at another, ORS 166.190 (an unclassified misdemeanor); and unlawful use of a weapon, ORS 166.220 (a Class C felony). We conclude that the trial court erred in dismissing the indictment and therefore reverse.

The charges arose out of a domestic dispute in which defendant allegedly attacked the victim, his former girlfriend, and threatened to kill her with a gun. The time for trial was set. The victim, who had been subpoenaed, did not appear on the day of trial. The state was unable to proceed without her attendance and requested a postponement for the first time. The prosecutor had spoken with the victim, who had requested to appear by closed circuit television because she was afraid to be in the courtroom with defendant.[1] The victim had explained to the prosecutor that she was sure that the trial judge would allow her to appear remotely. The prosecutor reported to the trial court that she had told the victim that appearing by closed circuit television was not an option. The judge observed that, under ORS 136.420,[2] such a procedure might be possible if defendant consented. Defendant did not consent to the victim appearing remotely. The court therefore ruled that the victim would be required to appear in person.

In light of the court's ruling, the prosecutor told the court that the state believed that it would "have a shot at" getting the victim to appear in person. The prosecutor continued:

---

[1] The record does not reflect when the prosecutor had her conversation with the victim.

[2] ORS 136.420 provides:

"In a criminal action, the testimony of a witness shall be given orally in the presence of the court and jury, except in the case of a witness whose testimony is taken by deposition by order of the court in pursuance of the consent of the parties, as provided in ORS 136.080 to 136.100."

"I believe that we could secure her if you were to give us a [c]ontinuance and explain that that option, again, is closed and that the defense is * * * not amenable to that sort of thing and * * * that it was not an option since there's no agreement, and that she'd need to appear in person."

The trial court then gave the prosecutor five minutes to speak to the victim by telephone to determine whether she would appear for trial.

The victim could not be reached. At that point, defendant sought to have the indictment dismissed pursuant to ORS 136.120, which provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."[3]

After a colloquy between the court and the parties, the court ruled that there was not "any sufficient cause" for postponement unless the state agreed to "make a legal effort" to secure the witness's attendance at trial through the issuance of a warrant for her arrest as a material witness.[4] The prosecutor stated that it was the district attorney's general policy not to seek an arrest warrant to secure the appearance of a material witness, but rather to secure the witness's attendance voluntarily, but that she would discuss the matter with the district attorney "to decide whether we would consider that option in this case."

---

[3] ORS 136.130 sets out the effect of a dismissal of an accusatory instrument under ORS 136.120. It provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

[4] On application of the district attorney, ORS 136.608 to 136.612 authorize the court to order the arrest of a material witness who "[w]ill not appear at the time when attendance of the witness is required." ORS 136.608(2)(b).

The trial court then ruled that, in light of the prosecutor's unwillingness to request an arrest warrant at that time, it could not find sufficient cause for postponement of trial. In essence, the trial court determined that a postponement was not justified because the state could not guarantee the presence of the key witness on a subsequent date. The court further reasoned that, in light of the state's unwillingness to compel the victim's attendance and the court's skepticism that the victim would appear voluntarily if the matter were reset, the public interest did not require that the indictment be retained under ORS 136.120. It therefore dismissed the indictment with prejudice and entered a judgment of acquittal.

The state assigns error to that ruling, contending that it did show "sufficient cause" for postponement of trial. The state further asserts that, even if it did not show sufficient cause for postponement of trial, the court abused its discretion in dismissing the indictment with prejudice.

■■■ The question whether the prosecutor has shown "any sufficient cause" for postponement under ORS 136.120 depends on "whether the prosecutor has shown reasons that objectively justify the postponement of the trial." *State v. Shaw*, 338 Or 586, 608, 113 P3d 898 (2005). Because that question "involves a determination that is capable of only one legally correct outcome," it is a question of law, and we review the trial court's ruling for errors of law. *Id.*[5] In considering whether the state has provided "sufficient cause" for postponement, a court must consider the "reasons for seeking the postponement" and "whether the prosecutor's conduct constituted inexcusable neglect." *State v. Parliament*, 164 Or App 707, 712, 995 P2d 544 (2000).

■■ We agree with the state that the reason for the requested postponement, the absence of a key witness who had been subpoenaed, objectively justifies the postponement

---

[5] We note that ORS 136.070 provides that the trial court "may" postpone trial, "upon sufficient cause shown," and that, generally, until the court's decision in *Shaw*, the decision whether to grant a continuance was understood to be within the discretion of the trial court. *See State v. Wolfer*, 241 Or 15, 17, 403 P2d 715 (1965) (a motion for a continuance is addressed to the sound discretion of the trial court, and its ruling should be disturbed only for an abuse of discretion).

of trial in this case. *See State v. Hilligoss*, 168 Or App 285, 7 P3d 583 (2000) (reversing for abuse of discretion the trial court's dismissal of a DUI prosecution with prejudice where the key witness was absent through no fault of the prosecutor). The prosecutor expressed optimism that she could secure the victim's voluntary appearance at a future trial and said that she would consult with the district attorney to determine whether the state would compel the witness's attendance if the witness were unwilling to attend. The trial court expressly found that there had not been inexcusable neglect on the part of the prosecutor. Those circumstances provided objective justification for postponement. We therefore conclude that the trial court erred in dismissing the indictment, *see Shaw*, 338 Or at 611, and we do not address whether the court abused its discretion in dismissing the indictment with prejudice.

Order of dismissal with prejudice and judgment of acquittal reversed.