736 February 14, 2024 No. 96

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TYLER DANIEL FREEMAN,
*Defendant-Appellant.*

Multnomah County Circuit Court
21CN03345; A178160

Kelly Skye, Judge.

Submitted January 19, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Matthew Blythe, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of contempt for two counts of violating a restraining order. Defendant raises two assignments of error, assigning error to the trial court's denial of his motion to dismiss and to the denial of his motion for judgment of acquittal (MJOA) on Count 1 of the indictment. As we briefly explain below, we reject both assignments. As a result, we affirm the judgment.

Defendant contends that the trial court erred because it should have dismissed, rather than postponed, the case after the state purportedly failed to appear for a trial date. The parties agree that although the court drafted a written order setting over the trial for November 17, 2021, there was a clerical error that resulted in that new trial date not being docketed. Assuming, without deciding, that the case was set for trial within the meaning of ORS 136.120 under those circumstances, there was a sufficient objective basis to postpone the trial due to the court's own docketing error.[1] *See State v. Sondenna*, 222 Or App 506, 510, 194 P3d 817 (2008) (stating that sufficient cause for postponement depends on whether the prosecutor has shown reasons that objectively justify the postponement).

Defendant also assigns error to the trial court's denial of his MJOA, which he made when the case ultimately proceeded to a bench trial. Defendant contends that the court should have acquitted him of Count 1, which alleged that defendant had violated the restraining order as to L, the mother of defendant's two children. Count 1 alleged that defendant contacted L through a third person. Defendant argues that there was no evidence that he directed a third person to contact L on his behalf. Therefore, he contends, the trial court should have acquitted him of that count.

We conclude that defendant did not preserve his argument for appeal, and we therefore reject it. Defendant initially moved for a judgment of acquittal based on the

---

[1] ORS 136.120(1) provides that the court shall dismiss the accusatory instrument if defendant appears at the time set for trial and the prosecutor is not ready and does not show "sufficient cause" for postponing trial. Even if those conditions are met, the court can refuse dismissal if "dismissal is not in the public interest." *Id.*

theory that there was insufficient proof that he was served with the restraining order. That motion was denied. Defense counsel then mistakenly proceeded with defendant's closing argument first before the state had an opportunity to present its closing argument. In so doing, defendant started to make a number of arguments, including that there was not proof that defendant directed the third party to make any comments to L. At that point, the court specifically asked whether defendant was making arguments "towards your MJOA still?" Defendant then disavowed that the argument was in support of an MJOA. When defense counsel later proceeded during her turn for closing argument, she framed the issue of the third-party contact as one of reasonable doubt.

Under circumstances where defendant disavows to the trial court that defendant is making an argument in support of an MJOA, we cannot conclude that the same argument is preserved for us on appeal.[2] It would not serve either the prudential or pragmatic principles underlying preservation to consider defendant's argument to be preserved here. *See Peeples v. Lampert*, 345 Or 209, 219-20, 191 P3d 637 (2008) (noting that preservation principles give a trial court a chance to consider and rule on a contention and are dependent on the circumstances in which a claim or argument is made). The trial court would not have understood it was being asked to rule on a motion when defendant confirmed for the court that defendant was not, in fact, raising a motion.

For the reasons discussed above, we reject both of defendant's assignments of error.

Affirmed.

---

[2] Defendant does not raise a plain error argument so we do not address one.